## S. WAGGENHEIM *et als. v.* THOS. K. HOOK.

APPEAL FROM A JUDGMENT.—An appeal from a judgment must be taken within one year from the time the same was rendered.

PRACTICE AS TO SETTLING STATEMENTS ON MOTIONS FOR NEW TRIAL.—The practice which prevails in some of the lower Courts of submitting a motion for a new trial and not preparing the statement until after the motion has been denied, is irregular and not to be tolerated.

IDEM.—Such statement should be settled by the Judge and certified by him before the motion is decided.

APPEAL FROM ORDER DENYING NEW TRIAL.—An appeal from an order denying a new trial should be taken within sixty days from the time the order is made.

WHEN APPEAL WILL BE DISMISSED.—If an order is made denying a new trial, and afterwards an order is made vacating this order, and a new order is made also denying a new trial, an appeal taken from the second order denying a new trial will be dismissed.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The defendant had judgment in the Court below, and the plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*Tyler & Cobb,* for Appellants.

*J. C. Byers,* and *J. H. Budd,* for Respondent.

By the Court, SANDERSON, J.:

The respondent has made a motion to dismiss the appeal, which motion we think must be allowed.

The appeal is from the judgment and from an order denying a new trial.

The judgment was rendered on the 18th day of April, 1864. The appeal was taken on the 23d of September, 1867, more than three years and five months after the judgment was rendered. The appeal from the judgment was therefore taken more than two years and five months after the time allowed for that purpose by the statute had expired, and must, for that reason, be dismissed.

In relation to the appeal from the order denying a new trial, the transcript shows that the notice of the motion was served on the 21st of April, 1864; that the statement and amendments thereto were respectively filed in due time thereafter. The motion, so far as the record shows, seems to have been argued and submitted without any settlement of the statement. At all events, there is nothing to show that there was a settlement of the statement, except as hereafter stated. An order denying the motion, however, was entered on the 29th of August, 1865, more than a year after the motion was submitted. The order was accompanied by a further order granting a stay of proceedings for sixty days, to enable "the plaintiffs to prepare papers on appeal." This latter order would be unintelligible but for an explanation given in the brief of counsel, which will be noticed hereafter; for, at that time, it was not only too late to prepare a statement on appeal from the judgment, had one been desired, but it was also too late to appeal from the judgment; and as to the order, the statement used on the motion was all the record which the appellant could require on the appeal. In April, 1867, the plaintiffs moved to set aside the order of the 29th of August, 1865, denying a new trial, and to restore the motion. This motion was granted on the 16th of August, 1867, and at the same time a statement on motion for a new trial was certified by the Judge and ordered filed as of that day, and on the same day the motion for a new trial was again denied.

These most remarkable proceedings are explained by counsel for appellants by saying that it has been the practice in the Court below to submit the settlement of the statement and the motion for a new trial at the same time, leaving the Judge to take the whole matter under advisement, to settle the statement at his leisure, and then decide the motion; and upon the coming in of the decision with the words "allowed" and "disallowed" entered in the margin of the amendments to the statement, the attorneys to have the

statement engrossed accordingly, and certified by them or the Judge, as the case may be. That the condition of the record is due to this mode of practice, accompanied, in this instance, by the illness of the Judge, which tended to increase the disorder of a practice already out of order.

Counsel for appellants very justly remarks, that such a practice as the record discloses is not warranted by the statute or the decisions of this Court. It may be " all very well," as counsel suggests, " when everything comes out right; " but, we add, if exception is taken to it, it is quite certain that everything will come out wrong for his side of the case. We can lend no countenance to a mode of practice so irregular.

The appeal is dismissed.