NICHOLS, Appellant, v. DUNPHY, Respondent.

No. 8356; September 29, 1882.

**New Trial—Setting Aside Order for by Trial Court.**—If a motion for a new trial is realized as having been granted inadvertently or prematurely the trial court may set aside its order, but not otherwise.

**New Trial.—The Right of Appeal from an Order Granting a** new trial may not be kept alive by the court's vacating its order, once duly made, and thereafter virtually reinstating it.

APPEAL from Superior Court, Santa Clara County.

J. C. Black for appellant; D. L. Delmas for respondent.

By the COURT.—On the 6th of July, 1878, a judgment was entered against Carmen Dunphy, from which, and from an order denying her motion for a new trial, she appealed to this court on the 27th of March, 1882.

The respondent now moves in this court to have the appeals from both the judgment and order denying the motion for a new trial dismissed, on the ground that neither of said appeals was taken within the time prescribed by law for taking such appeals. It is conceded that the appeal from the judgment was not. But it is insisted on behalf of appellant that the appeal from the order denying her motion for a new trial was taken in time. For the purpose of determining whether it was or not, it will be necessary to ascertain at what time said order was made.

It appears by the record that the appellant filed and served a notice of her intention to move for a new trial on the 16th of July, 1878, and that the bill of exceptions upon which said motion was based was settled and filed on the 23d of August, 1878.

The motion was submitted and denied on the 12th of March, 1880.

On the 17th of April, 1880, the court made and entered an order in the following words, to wit:

"Upon motion it is ordered that the order heretofore made denying the motion for a new trial herein, be and the same hereby is set aside, and the said motion now remains undisposed of, upon the ground that the judgment in this cause upon the defendant William Dunphy's appeal reverses the whole judgment as to both defendants, and counsel for plaintiff except to the ruling of the court, and cause is ordered on trial calendar for proceedings."

Afterward, on the 27th of January, 1882, the court made and entered another order denying said motion for a new trial, and it is from this last order that this appeal is taken, and if the court had the power to set aside its first order denying said motion for a new trial, and to proceed de novo upon said motion, said appeal was taken in time. Otherwise not.

The question, as we view it, is not a new one in this court.

In Coombs v. Hibberd, 43 Cal. 452, it was held that when an application for a new trial had been made in due form upon a settled statement, and the court had passed on the motion, the court could not afterward vacate the order and pass upon the motion again. And the same thing had been previously held in Waggenheim v. Hook, 35 Cal. 216. The reasoning upon which those decisions were based commends itself to our judgment.

It is doubtless true that where it appears that the motion for a new trial was inadvertently or prematurely heard, the court might set aside its order, and in some cases it would be its duty to do so. But we are unable to discover any such ground for upholding the action of the court in this case. It certainly does not appear that the attorney who consented to the submission of the motion in the first instance had no authority to do so, and in the absence of anything appearing to the contrary, we will presume that he had such authority.

But it does not appear that the motion to set aside was based upon that ground, and the court expressly bases its action upon another and, in our judgment, wholly insufficient ground.

Upon the authority of the cases above cited, we must treat this appeal as if it had been taken from the order of March 13, 1880, and in that light, the appeal unquestionably was taken too late.

Motion to dismiss granted.