[No. 2,678.]

JACOB MORRIS ET AL *v.* EULOGIO F. DE CELIS.

PASSING ON MOTION FOR A NEW TRIAL.—The Court should not decide a motion for a new trial before the statement, as settled, has been engrossed and certified as correct.

IDEM.—Even if the statement has been settled, engrossed, and certified, and filed as correct, the Court should not pass on the motion for a new trial, until it has been submitted for decision, and the parties afforded an opportunity to be heard if desired.

SETTING ASIDE ORDER MADE ON MOTION FOR NEW TRIAL.—If a motion for a new trial is decided by the Court, before it has been submitted, the order denying or granting the new trial should be set aside as improvidently made, if application is made therefor.

APPEAL from the District Court of the First Judicial District, Los Angeles County.

The statement on motion for a new trial had no certificate of the Judge attached to it, nor did it appear by the record, except as stated in the order denying the motion to set aside the order granting a new trial, that it had been settled. The appellant made a statement on appeal from this order, reciting the motion to set aside the order, and containing an affidavit that the motion for a new trial had not been submitted, and that appellant's counsel had no notice of submission until after the order was made granting a new trial, and reciting the order granting a new trial, and the following order made by the Court: " Statement on motion for new trial submitted for settlement by the Court, who took the same under advisement.'' This statement the attorneys on each side stipulated to be the statement on appeal.

The other facts are stated in the opinion.

*Glassel, Chapman & Smith,* and *James H. Lander,* for Appellants.

There was, therefore, no basis to support an order setting aside the verdict of the jury, and the judgment thereon, and granting a new trial herein. (*Cosgrove* v. *Johnson,* 30 Cal. 509; *Kimball* v. *Semple,* 31 Cal. 657; *Linn* v. *Twist,* 3 Cal. 89; *Baldwin* v. *Frere,* 23 Cal. 461; *Vilhac* v. *Biven,* 28 Cal. 409; *Marlow* v. *Marsh,* 9 Cal. 259; *Quivey* v. *Gambert,* 32 Cal. 304.)

*Thom & Ross,* and *V. E. & F. Howard,* for Respondent.

The purported statement on motion for new trial cannot be reviewed by this Court for any purpose, for the obvious reason that it is not authenticated, either by stipulation of the respective parties, nor by a certificate of the Judge, nor in any manner whatever. (Practice Act, Sec. 195; *Cosgrove* v. *Johnson,* 30 Cal. 509; *Marlow* v. *Marsh,* 9 Cal. 259; *Baldwin* v. *Frere,* 23 Cal. 461.)

It does not appear that appellant's attorney ever applied to be heard, and if he had, it was a matter discretionary with the Judge. The Judge had a right to set aside the verdict and order a new trial the moment it had been placed upon the record.

By the Court, WALLACE, J.:

A verdict and judgment for defendant having been rendered, the plaintiffs gave notice of their intention to move for a new trial.

The statement in support of the motion, and the amendments proposed thereto, were submitted for settlement on May 9th, 1870. On July seventh following an order was entered granting the motion for a new trial. Neither party appears to have been notified in anywise, in the meantime, that the statement had been, in fact, settled. No opportunity

for engrossment was afforded, nor was it even known, with certainty, what matters would be contained in the statement when it should be thereafter finally engrossed and certified, so as to be used on the hearing of the motion for a new trial. On August fifteenth following a motion was made by the defendant to set aside the order granting a new trial, on the ground that it was improvidently made, that the motion for a new trial had never been submitted, etc. This motion came on to be heard on August twenty-second, and was supported by affidavit of the counsel for defendant and the records of the Court, and was then heard and taken under advisemennt until September 5th, 1870, when an order was entered denying the motion. This last order is as follows:

" This cause having been heretofore submitted on motion to vacate and set aside the order granting a new trial herein, the same having been well considered by the Court, it is ordered that the statement on motion for new trial, as submitted by the plaintiffs, together with such of defendant's amendments as are marked 'Allowed,' and the testimony of O. W. Childs and Matthew Keller, be, and the same is, the statement as settled by the Court, and is allowed as the true statement in the case. It is further ordered that said statement, so settled, be considered now as having been engrossed at the time of its settlement. And whereas, the said statement was settled before the motion for new trial was passed upon by the Court, but was not certified or engrossed, by reason of an inadvertence growing out of the multiplicity of duties devolving upon the Court at that time, it is further ordered that said statement, so settled, be and the same is hereby settled and considered engrossed, now for then. It is further ordered that defendant's motion to vacate and set aside the order granting a new trial herein is hereby denied, and that the said order, heretofore made, granting a new trial, be and is hereby affirmed.

" MORRISON, Judge.

"Los Angeles, August. 31st, 1870.
"Filed September 5th, 1870."

I think that the Court below should have sustained the motion of the defendant to set aside the order granting the motion for a new trial. Even in view of what is recited in the order of September 5th, it is clear enough that the motion for a new trial itself had never been submitted to the Court for decision; and even if the Court had in the meantime not only settled the statement, but had engrossed it, and certified and filed it as a correct statement, it should not have undertaken to determine the motion until that motion had been first submitted for decision, and the parties afforded an opportunity to be heard on the motion, if desired.

The practice here pursued operated as a complete surprise upon the defendant, and if countenanced would be utterly subversive of the rights of parties litigant.

It is ordered that the order of the Court below, denying the motion of the defendants to set aside the order granting a new trial, be reversed, and that the cause be remanded, with instructions to sustain said motion of the defendant, and for further proceedings for the orderly determination of plaintiff's motion for a new trial.


Rhodes, C. J., dissenting:

The appeal is taken from an order granting a new trial, and from an order refusing to vacate the order granting the new trial. The foregoing opinion proceeds on the latter order alone. I would be content with merely expressing my dissent, were it not that the opinion establishes a* new rule of practice, and in doing so overrules, without mentioning, *Quivey* v. *Gambert*, 32 Cal. 304, and the authorities on which the decision in that case was based, and the large number of cases following *Quivey* v. *Gambert*. Indeed, so constant and

uniform have been the decisions since that case, that by far the larger number have been rendered orally from the bench. The appeal in that case was dismissed because the order was not a special order made after final judgment. Nor is the order in this case a special order after final judgment in the sense of the statute. I do not propose, at this time, to re-open the discussion of the question involved in those cases.

I concur with my associates in the opinion that the action of the Court in passing on the motion for a new trial, before it was submitted, was erroneous; but I have no manner of doubt that the error can be corrected on an appeal from the order granting a new trial.