[No. 2,681.]

FRANCES C. COOMBS, ADMINISTRATRIX OF THE ESTATE OF JOHN S. CHIPMAN, DECEASED, *v.* JAMES F. HIBBERD.

VACATING ORDER DENYING NEW TRIAL.—When an application for a new trial has been made in due form, upon a settled statement, and the Court has passed on the motion, the order made is conclusive so far as the Court making it is concerned. The Court cannot afterwards vacate the order and decide again on the motion.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*A. M. Crane,* for Appellant.

The Court had no jurisdiction to set aside the order refusing a new trial, or to make an order granting a new trial after having once refused it. (Pr. Act, Secs. 333–6; *Haight* v. *Gay,* 8 Cal. 297; 1 Green, Iowa Reports, 235; 16 Ind. 358.)

*W. W. Chipman,* for Respondent.

The Court had a right, either on its own motion, or at the request of the party aggrieved, to vacate the order refusing a new trial, as improvidently made. The motion was in the nature of a petition for a rehearing, which it is in the inherent power of a Court to grant, as long as it has control of the cause. It is by virtue only of this inherent power that this Court grants rehearings. This power was always exercised at common law before enrollment. The entry of the judgment in this State does not complete the judgment roll. (*Spanagel* v. *Dellinger,* 34 Cal. 476.) But our Statute of Amendment (Sec. 68 of the Practice Act) gives the largest powers to the Court in this respect, and warrants such a proceeding even after the lapse of the term.

By the Court, NILES, J.:

The defendant having recovered judgment in the Court below, the plaintiff moved for a new trial, and the motion was denied on the 13th of July, 1870.

On the 21st of July the plaintiff gave notice of a motion to "vacate the order denying a new trial, and to grant an order allowing the motion for a new trial to be reheard."

The application was to be made "upon the pleadings, statement on motion for new trial, stipulation of facts, the findings of the Court, and judgment roll."

This motion was heard on the twenty-third of July following, and taken under advisement by the Court. On the twenty-ninth of July the Court made an order vacating the order denying the motion for a new trial and allowing it to be reheard; and on August thirteenth made an order granting a new trial.

The defendant appeals from both of these orders.

It will hardly be contended that under our form of practice a Court could entertain two successive motions for a new trial in the same case, upon identical grounds. The right to move for a new trial is a creature of the statute, and this statute provides for but one statement and one motion.

The motion to vacate the order was equivalent in its effect upon the parties to a renewed motion for a new trial. It demanded another hearing of a question once determined, and resulted in the granting of a new trial which had been once refused. If this practice should be allowed, several consequences, not contemplated by the statute, would ensue. The limited time within which a motion for a new trial may be made would be practically enlarged, for there can be no good reason why the motion to set aside the order should be made within a limited number of days. The proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad*

*infinitum.* There must be some point where litigation in the lower Court terminates, and the losing party is turned over to the appellate Court for redress.

In the case of *Morris* v. *De Celis*, 41 Cal. 331, it appeared that the motion of plaintiff for a new trial was granted by the District Court upon its own motion, and before any statement had been settled or motion submitted by counsel. This Court held that the order should have been set aside upon the defendant's application.

There is an evident distinction between that case and the one now presented. There was no foundation, in the former case, for any order in the premises. There was no statement upon which the Court could act, and no motion for a new trial had been made. As the order stood in the way of defendant's appeal, by depriving him of the benefit of a statement, through which alone the grounds of appeal could be presented, it should have been set aside by the Court that made it. The error was not that the motion for a new trial was improperly granted, but that an order was made at all.

In the present case the proceedings upon plaintiff's motion for a new trial were in all respects regular. The statement had been settled and the motion heard and denied in the required order and in due form. Every error of the Court, including its supposed mistake in regard to the respective dates of the deed and lease, appeared in the statement, and could have been reviewed upon appeal from the order refusing a new trial. This was the plaintiff's proper and only redress.

The order vacating the order refusing a new trial, and the order granting a new trial, are reversed.