---

[No. 8,514. Department One.—November 28, 1884.]
## ODD FELLOWS' SAVINGS BANK, Respondent, *v.* ELIZABETH N. DEUPREY, Appellant.

Practice—Motion for a New Trial—Serving and Filing Statement—Motion to Dismiss.—The jurisdiction of a court to hear and determine a motion for a new trial may be called into exercise, either by a submission of the motion, or by a motion to deny and dismiss the motion for want of prosecution, upon the ground that the party moving for a new trial failed to serve or file his statement, or other moving papers, within the time al-

lowed by law. The order of the court upon the hearing of this motion is final and conclusive, and it is not erroneous to dismiss or deny a subsequent motion to set it aside.

Id.—Appeal—Motion to Set Aside Order Inadvertently Made.—An order granting or refusing a new trial, made after a regular submission of the motion, can only be reviewed on appeal. It is otherwise, when such order has been inadvertently or prematurely made. In the latter case, the order may be set aside on motion.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial, and from an order denying a motion to vacate the order refusing a new trial.

The facts are stated in the opinion of the court.

*McClure & Dwinelle,* for Appellant.

*C. L. Tilden,* and *H. J. Tilden,* for Respondent.

McKee, J.—In this case there are three appeals. The first is from the judgment rendered the 29th of November, 1881, the second from an order denying a motion for a new trial, and the third from an order denying a motion to vacate the order refusing a new trial.

After the decision of the case, defendant served upon the plaintiff's attorney, notice that he would move for a new trial upon a proposed statement of the case, and upon affidavits, and the minutes of the court. There was no extension of the statutory time for him to serve and file his proposed statement and affidavits ; and in fact, he neither served nor filed any affidavits or proposed statement within the time required by law for that purpose. Upon a conclusive showing being made of that fact, the court, after argument of counsel of the respective parties, denied the motion for a new trial, " so far as the same was made upon the minutes of the court," and dismissed it for want of prosecution, so far as it purported to have been made upon a statement of the case, or on affidavits. The order was entered January 6, 1882. Ten days after the entry of the order, defendant moved, on notice to the plaintiff's attorney, to vacate the same. The motion was made on affidavits, which showed that the proposed statement was not served within legal time, because of a mistake by the clerks of the attorney of record for

defendant, as to the date of the service of notice of the motion. But this mistake did not and could not change the record, upon which the motion had been heard and determined. The fact still remained, that the proposed statement had not been served or filed in time. And assuming that the court erred in denying the motion for a new trial, which had been regularly argued and submitted for decision, and that the subsequent order denying the motion to vacate its former order was a special order, made after final judgment, and appealable, as seems to have been held in *Calderwood* v. *Peyser*, 42 Cal. 110, we see in it nothing erroneous.

The jurisdiction of a court to hear and determine a motion for a new trial lies dormant, until it is called into exercise by the final submission of the motion in a legal manner, upon the bill of exceptions, statement of the case, or other papers designated in the notice of motion. But it may be called into exercise by the submission of the motion itself, or by a motion to deny or dismiss the motion for want of prosecution, upon the ground that the party moving for the new trial has failed or neglected to serve or file within legal time the statement or other papers upon which he proposed to move ; and when thus called into exercise, and the court, in the exercise of its jurisdiction, has heard and decided the motion, its order is final and conclusive, and it is not erroneous to dismiss or deny a motion afterwards made to set it aside.

An order granting or refusing a new trial, made after the regular submission of a motion for that purpose, is reviewable only on appeal. (*Coombs* v. *Hibberd*, 43 Cal. 453 ; *Waggenheim* v. *Hook*, 35 Cal. 216 ; *Nichols* v. *Dunphy*, 10 P. C. L. J. 193.) But it is otherwise, where such an order has been inadvertently or prematurely made. If made, for instance, before the statement of the case or bill of exceptions, upon which it was to be made, has been settled, engrossed and certified, and before the motion has been regularly submitted, the jurisdiction to hear and decide the motion was not called into exercise, the order would not be made in the regular exercise of the jurisdiction of the court ; and being improvidently made, it would be the duty of the court to set it aside. (*Morris* v. *De Celis*, 41 Cal. 331 ; *Hall* v. *Polack*, 42 Cal. 218 ; *Coombs* v. *Hibberd, supra ; Nichols* v. *Dunphy, supra.*)

Here, however, the power of the court to hear and decide the motion for a new trial was regularly put in motion, and the order of the court in the decision of the motion exhausted its power over it.   The court became *functus officii.*

There was no error in overruling the motion for a new trial. There is no error apparent on the judgment roll. Judgment and orders affirmed.

Ross, J., and McKINSTRY, J., concurred.