[No. 8,936. Department One.—March 6, 1885.]

ALICE DORLAND, ADMINISTRATRIX, &c., APPELLANT, v. JAMES CUNNINGHAM ET AL., RESPONDENTS.

NEW TRIAL—ORDER FINAL AS TO THE SUPERIOR COURT.—The Code of Civil Procedure authorizes but one motion for a new trial, and the order thereon is final, so far as the Superior Court is concerned. Such order cannot be set aside by the trial court.

APPEALS from certain orders of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*J. M. Wood*, and *J. C. Bates*, for Appellant.

*Tobin & Tobin*, for Respondents.

McKINSTRY, J.—The notice of appeal points to two orders, alleged to be special orders after final judgment. The first is said, in the notice, to be an order made and entered December 27, 1882, vacating and setting aside an order made and entered August 21, 1882, denying defendants' motion for a new trial;

the second, an order made and entered on the 9th of January, 1883, denying plaintiff's motion to have the order of December 27, 1882, vacated and set aside.

The transcript contains no order of August 21, 1882, or of any other date, which purports to be an order denying the defendants' motion for a new trial. There is in it a copy of an order made and entered August 21, 1882, vacating and setting aside " the *motion* for a new trial *granted* August 16, 1882." August 16, 1882, the court had made an order in words following : " On motion of Messrs. Tobin & Tobin, and upon filing a stipulation therefor, it is ordered that a new trial be and the same is hereby granted." On the 27th of December, 1882, the court below ordered that the order theretofore, and on the 21st of August, 1882, given and made, vacating the order granting defendants a new trial, be set aside.

If it be assumed that the order last mentioned (which is *not* in terms an order vacating an order denying defendants' motion for a new trial), is the order referred to in the notice of appeal, as made on the 27th of December, 1882, should that order be reversed?

If the validity of the order of August 21st, 1882, be conceded, the defendants' motion for a new trial has not yet, so far as appears, been determined. The proceeding for new trial is *in fieri*. If appellant should succeed in getting the order of December 27th, setting aside the order of August 21st, reversed, the defendants' motion for a new trial would be left still pending in the court below. The court may grant or deny the motion for a new trial, or dismiss the application for want of prosecution.

But the order of August 21, 1882, was manifestly erroneous. While it was not of itself an order denying the defendants' motion for a new trial, since that motion had already been granted. it operated, if valid, to vacate the former order, and thus to give plaintiff further opportunity to oppose the defendants' motion for a new trial, or the court an opportunity to make a new order without reference to that matter. The statute authorizes but one motion for a new trial, and makes the ruling thereon final, so far as the Superior Court is concerned. For aught that appears in the transcript, the motion to set aside the order granting a new trial was made *ex parte*, and upon the same papers

as those used on the motion for a new trial. If the practice of moving to set aside an order granting or denying a new trial. should be allowed, "the proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad infinitum.* There must be some point where litigation in the lower court terminates, and the losing party is turned over to the appellate court for redress." (Niles, J., in *Coombs* v. *Hibberd*, 43 Cal. 453.) In the case just cited, an order vacating an order refusing a new trial was reversed.

The Code of Civil Procedure provides that an *ex parte* order may be set aside, and without notice. The court below was justified in making the order of December 27th, setting aside the order (improvidently entered) vacating the order granting a new trial, and in entering the order denying plaintiff's motion to set aside the order of December 27th.

Orders appealed from affirmed.

Ross, J., and McKee, J., concurred.

Hearing in Bank denied.