[No. 12395.    In Bank. — April 21, 1888.]

ABEL F. CARPENTER ET AL., PETITIONERS, *v.* SUPERIOR COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

MODES IN WHICH A DECISION MAY BE REVIEWED. — Where a cause has been regularly heard and decided, it can be reviewed only in the modes provided by the statute. The trial court cannot upon an application not authorized by statute set aside its decision for mere error not amounting to want of jurisdiction.

ID. — TERMS OF COURT. — This rule is not affected by the fact that terms of court have been abolished.

ID. — ORDERS IMPROVIDENTLY MADE — PRESUMPTION. — The rule does not prevent the trial court from setting aside orders or judgments which were improvidently and unintentionally made. But it will not be presumed that an order or judgment was of that character; such a case must be affirmatively shown.

REVIEW IN UNAUTHORIZED MODE — JURISDICTION. — The objection that a court has reviewed its decision in an unauthorized mode goes to the power of the court; and its action may be annulled on *certiorari.*

GUARDIAN AD LITEM — PROBATE PROCEEDINGS — ATTORNEY FOR MINORS. — The provisions in relation to guardians *ad litem* for minor defendants, in the chapter on parties to civil actions, do not apply to probate proceedings. The special proceedings as to attorneys for minors govern the matter.

ID. — An attorney for minor defendants, appointed by the probate judge, after service of citation, to represent the minor upon a contest as to the validity of a will, is to all intents and purposes a guardian *ad litem*, although not called by that name.

ID. — It is not necessary that there should be a new guardian *ad litem* every time a pleading is amended.

APPLICATION for a writ of *certiorari.* The facts are stated in the opinion.

*Sawyer & Burnett,* for Petitioners.

*Carter & Smith,* and *S. D. Woods,* for Respondent.

HAYNE, C.—Demurrer to a petition for a writ of *certiorari.* The facts shown by the petition are substantially as follows:—

A document purporting to be the will of Charles W. Carpenter, deceased, was admitted to probate, and letters testamentary were issued to the executor named therein. Subsequently, and within the year, the petitioners commenced proceedings to contest the validity of the will. A trial was had; the jury found against the validity of the will, and the court entered judgment accordingly. A motion for a new trial was made and denied. After all this had occurred, certain minors, for whom an attorney had been appointed by the court (through which attorney they had appeared and taken part in the proceeding), made a motion to have all the proceedings set aside, mainly on the ground that they had not been represented by a guardian *ad litem.* The court granted this motion, and set aside the verdict and judgment, and the application is for a writ to annul such action. The demurrer is on the ground that the petition does not state facts sufficient to constitute a cause of action.

After judgment upon the verdict had been entered and a motion for a new trial had been regularly made and denied, the court below was not authorized to set aside its action for mere error. (*Coombs* v. *Hibberd,* 43 Cal. 452; *People* v. *Center,* 61 Cal. 194; *Odd Fellows' Bank* v. *Deuprey,* 66 Cal. 169; *Dorland* v. *Cunningham,* 66 Cal. 484; *Lang* v. *Superior Court,* 71 Cal. 491.) The foundation of this rule is, that the modes in which a decision may be reviewed are prescribed by statute, and the courts are not at liberty to substitute other modes in their place. Such being the foundation of the rule, it is not affected by the fact that terms of court are abolished; and the

decision in *Estate of Langan,* 74 Cal. 353, has no appli-
plication. That case has reference to proceedings taken
and orders made irregularly and through inadvertence.
To such misprisions and inadvertencies the rule in ques-
tion has no application. Thus where a motion for new
trial was granted without any submission of the motion,
and before the record upon the motion was completed, it
was held to be proper for the aggrieved party to move to
have the order granting the new trial set aside. (*Morris*
v. *De Celis,* 41 Cal. 331; and see also *De Gaze* v. *Lynch,*
42 Cal. 363; *Hall* v. *Polack,* 42 Cal. 218.) In such cases
the fact that the order was irregularly and improvidently
made takes it out of the general rule. (Compare *Rousset*
v. *Boyle,* 45 Cal. 69.) Such a state of things, being of
rare occurrence, is not presumed, but must be affirma-
tively shown.

The objection that the court has acted in an unauthor-
ized mode goes to the power of the court, and hence its
action may be reviewed on *certiorari,* for which the case
of *Lang* v. *Superior Court,* above cited, is a precedent.

It is true that a decision which is absolutely void may
be brushed aside at any time and in any mode. (*People* v.
*Greene,* 74 Cal. 400.) But nothing short of such validity
would justify such action. The question, therefore, is,
whether the verdict and judgment against the will were
absolutely void.

The notice of motion to set them aside states several
grounds upon which the motion was to be made, viz.:
1. That they were "against law." This is too vague to
mean anything more than that they were erroneous,
which, as we have seen, is not a question which the court
was authorized to consider on such an application. 2.
That "there never was any service of citation in said
matter, contest, and cause had or made upon said propo-
nent." This is expressly negatived by the allegations of
the petition for the writ, which must be assumed to be
true. 3. That no guardian *ad litem* was appointed for

the minors, and that therefore the appearance for them was unauthorized.

The last ground is the one upon which the counsel for respondents rely. The position is based upon the proposition that the provisions in relation to guardians *ad litem,* in the chapter on parties to civil actions, apply to probate proceedings.

But in the first place, we do not think that the provisions referred to apply to probate proceedings. It has been held that for some purposes probate proceedings are not "civil actions." (*Estate of Scott,* 15 Cal. 220; *Ex parte Smith,* 53 Cal. 204.) And we do not think they are to be considered civil actions or proceedings within the meaning of the said provisions. If these general provisions were intended to apply to probate proceedings, what was the use of making special provisions in reference to the appointment of attorneys for minors in such proceedings? Is it not to be inferred that the special provisions were put in because the general ones were not intended to apply? This inference is strengthened when the provisions are considered together. The thing which a guardian *ad litem* is appointed to do is to "represent" the infant in the action or proceeding (Code Civ. Proc., sec. 372), by which we understand that he is to conduct and control the proceedings on behalf of the infant. Now, the attorney for minors in probate proceedings is to "represent" the minor (Code Civ. Proc., sec. 1718), and so far as he is concerned, to conduct and control the proceedings; so that if the general provisions apply, it would be possible to have two representatives of the minor in the same contest, neither of whom would be subordinate to the other. We do not think such a result could have been intended.

But if the provisions in the chapter on parties to civil actions are assumed to have been intended to apply to probate proceedings, we think they were substantially complied with.

The petition shows that on the filing of the papers for contestant, "a citation was issued to the said executor, and all the said legatees and devisees; . . . . that said citation was immediately served by the sheriff upon each of said legatees and devisees and said executor, by delivering, etc.; . . . . that *thereafter*, on the thirty-first day of January, the said superior court duly made an order," etc. The order referred to appointed an attorney " to represent in all the proceedings in this court " the said minors (naming them). The term "guardian *ad litem*" is not used. But the attorney was appointed to perform the functions of a guardian *ad litem*, and the neglect to call him by a certain name is unimportant. It is true that it does not appear at whose instance the appointment was made, nor whether there was an interval of ten days between the service and the appointment. But it appears that the appointment was after the service. And that is sufficient to prevent the proceedings from being absolutely void. For, as observed by the learned counsel for the respondents, " there is a vast difference between an erroneous appointment of a guardian and no appointment at all."

Nor is it material that there was no reappointment of the attorney after the sustaining of his demurrer and the amendment of the petition. It is not necessary that there should be a new guardian *ad litem* every time a pleading is amended.

We think, therefore, that the verdict and judgment against the validity of the will were not void. It results that the court had no power to set them aside, and there being no appeal (*Estate of Callahan*, 60 Cal. 233; *Estate of Sbarbaro*, 70 Cal. 147), the party is entitled to the writ.

We therefore advise that the demurrer to the petition be overruled, with leave to answer within twenty days.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the demurrer to the petition is overruled, with leave to answer within twenty days.

Mr. Justice PATERSON did not participate in the decision.