[S. F. No. 4231. In Bank.—August 12, 1905.]

ARTHUR L. WHITNEY, Assignee of M. A. McKinnon, an Insolvent Debtor, Petitioner, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO, Respondent.

New Trial—Improvident Order Denying Motion—Vacation upon Ex Parte Showing—Restoration to Calendar.—Where a motion for a new trial was brought up *ex parte* by opposing counsel, and, without argument or submission by the moving party, or opportunity to his counsel to be heard, was by the court inadvertently and improvidently denied, without consideration of the merits, the court had power, upon an *ex parte* showing by affidavit of the moving party of facts showing the inadvertence and improvidence, to vacate the order and to restore the motion to the calendar for argument.

Id.—Argument of Motion—Order Granting New Trial—Appeal— Mandamus to Compel Execution.—Where, after notice given of the vacating order, the motion was argued and submitted by both parties, after which the court made an order granting a new trial, from which the opposing party appealed, the appellant is not entitled to a writ of mandate to compel the issuance of execution upon the alleged ground that the judgment is still in force.

APPLICATION for Writ of Mandate to the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Samuel Rosenheim, for Petitioner.

Herbert Choynski, for Respondent.

VAN DYKE, J.—This is an application for a peremptory writ of mandate, commanding the superior court of the city and county of San Francisco to direct the clerk of said court to issue execution on a judgment in favor of the petitioner.

It appears from the petition herein that on the 2d of November, 1901, the plaintiff, as assignee in the matter of M. A. McKinnon, obtained a judgment against one M. Gallick, as defendant in said action, for the sum of twelve hundred dollars and costs; that no part of said judgment has been paid;

that after notice of decision and judgment in said action the defendant, on December 16, 1901, gave notice of intention to move for a new trial; thereafter a bill of exceptions on said motion for a new trial was proposed by said defendant, and was settled and allowed by the judge of said superior court, Hon. J. M. Seawell, who tried said cause, and was filed in said action December 9, 1902. Thereafter, on December 15, 1903, said bill of exceptions was amended, and on February 12, 1904, the following order was entered in the minutes of said court in said action: ''In this cause the defendant's motion for a new trial came on this day regularly to be heard, S. Rosenheim, Esq., appearing as counsel for plaintiff, and no one appearing for the defendant. Thereupon on motion of counsel for the plaintiff, it is ordered that the said motion be, and is hereby submitted to the court for consideration and decision.'' On February 16th an order was entered in said cause by said court denying the defendant's motion for a new trial. It is alleged in said petition that on the next day,— to wit, the seventeenth day of February, 1904,—without notice to the attorney for the plaintiff, and in his absence, the court, upon the *ex parte* application of counsel for the said defendant M. Gallick, made and caused to be entered upon its minutes the following order, to wit: ''In this cause it is ordered by the court that the order denying defendant's motion for a new trial, made and entered on the 16th day of February, 1904, be, and the same is hereby, vacated and set aside, and said motion for a new trial be restored to the law and motion calendar of this court for argument.'' And thereafter, on the fifteenth day of March, 1904, the court made and entered the following order in said cause: ''In this cause the defendant's motion for a new trial herein having been heretofore submitted to the court for consideration and decision, and now the court having fully considered the same, and being fully advised in the premises, it is ordered that said motion be, and the same is hereby, granted.''

It further appears from the petition herein, that upon the seventeenth day of September, 1904, plaintiff in said action filed a notice of motion, together with affidavits annexed thereto, and served the same on the attorney for the defendant, that on the twenty-third day of September, 1904, he would move the said superior court for an order directing the

clerk thereof to issue execution in said action upon the judgment therein recorded on November 2, 1901, setting forth the grounds of said motion, which were in the main similar to the grounds of the application to this court for a peremptory writ of mandate.

Upon being served with said notice of motion and affidavits in support thereof, the defendant's attorney in said action, being the same as in the present proceeding in this court, filed his affidavit in reply thereto, which affidavit, among other things, states that in pursuance of a stipulation between the attorneys for the respective parties the motion for new trial was continued in the superior court from time to time, and that said attorneys agreed that the motion should be taken up for argument only upon notice by one to the other, and no such notice was ever given prior to the seventeenth day of February, 1904, and, notwithstanding said stipulation, the said attorney for the plaintiff did appear in said court on the twelfth day of February, 1904, in the absence of the attorney for said defendant, and did ask the said court to take up the motion for new trial, and stated to said court that the defendant's attorney had abandoned the said motion, and no argument was ever had thereon, but that the clerk of the court inadvertently and improvidently marked the said motion for new trial submitted upon the calendar of said court, and said court thereupon inadvertently and improvidently was made to appear to have denied the said defendant's motion for new trial, when in truth and in fact the same had never been submitted to said court for decision; that upon said court's attention being called to the said proceedings the said minute orders were set aside; that thereupon said plaintiff's attorney was notified that said order denying said motion for new trial, so inadvertently and improvidently made, had been set aside, and that said motion for new trial had been placed upon the calendar of said court for argument and consideration; that pursuant to said last-named notice the said attorney for the plaintiff regularly and duly appeared in said court, and then and there argued against the said motion for a new trial, and that no objection was made to the said consideration of said motion for new trial on said last-named day; but, on the contrary, the said attorney for plaintiff participated fully therein, without objection or pro-

test to the argument, presentation, or consideration of the same, and that after the order of said court had been made granting defendant's motion for a new trial, the plaintiff in said action served and filed his notice of appeal from said order granting said motion for new trial, and the said appeal is now pending in the supreme court. In the reply affidavit on the part of the plaintiff in said action upon said application for *mandamus* in the superior court, it is denied that there was an understanding between the attorneys of the respective parties that the motion for new trial should not be submitted except upon notice. It is not denied, however, that the plaintiff's attorney appeared at the hearing of the motion for new trial, as stated in the foregoing affidavit, nor is it denied that the plaintiff took an appeal from the order granting the new trial in said action to this court, which is now pending. The order of the trial court, setting aside the previous minute order denying defendant's motion in said action for new trial, which said order is copied in the petition herein, is as follows:—

"It apearing to the court that at the time when the order was made herein on the 16th day of February, 1904, denying defendant's motion for a new trial, said defendant had not made any motion for a new trial, and said motion having been denied solely for the reason that defendant had neglected to prosecute the same, and without any consideration of the merits thereof or of the record, and defendant's attorney having requested the court to set aside said order denying a new trial and to grant to defendant an opportunity to be heard by the court on said motion, it is ordered that the order made and entered on the 16th day of February, 1904, denying defendant's motion for a new trial be and the same is hereby vacated and set aside and that the said motion for a new trial be restored to the law and motion calendar of this court for argument."

After a hearing in the superior court upon said application for an order directing the clerk to issue an execution, the following order was made, dated February 1, 1905, (after the title of the court and the cause): "In this cause the motion of the plaintiff for an order directing the clerk to issue execution herein having been heretofore submitted to the court for consideration and decision, and now the court hav-

ing fully considered the same and being fully advised herein, it is ordered that said motion be and the same is hereby denied."

The contention of the petitioner, that the judgment in the action of the petitioner against M. Gallick, rendered in the superior court in November, 1901, is still in force, under the circumstances herein, cannot be sustained. The motion for new trial in that case was by the defendant. He was the moving party. It was brought up, as appears, in the absence of the defendant's attorney, without any argument, or opportunity upon the part of the defendant to be heard, and under the circumstances it was right and proper for the court to do as it did—set aside the order denying the motion for a new trial, and thereupon give the moving party an opportunity to present the motion. In *Morris* v. *De Celis,* 41 Cal. 331, it is said: "If a motion for a new trial is decided by the court, before it has been submitted, the order denying or granting the new trial should be set aside as improvidently made, if application is made therefor." In *Stewart* v. *Taylor,* 68 Cal. 5, [8 Pac. 605], it is said: "There is no doubt that the court in which an irregular order is made and entered, may, where the irregularity is apparent, on suggestion, motion, or *ex mero motu,* set it aside at any time before an appeal is taken from it." In Hayne on New Trial (vol. 2, sec. 199) the author says: "Where an appealable order was improvidently or inadvertently made, the aggrieved party may move the court below to set it aside, and may appeal from the order denying his motion. Thus where a motion for a new trial was granted without any submission of the motion, and before the record upon the motion was completed, it was held to be proper practice for the aggrieved party to move upon affidavits to have the order granting the new trial set aside, and the order denying such motion was reversed.' (Referring in note to case of *Morris* v. *De Celis,* 41 Cal. 331.) The fact that the order was made irregularly takes it out of the general rule." (See, also, 2 Spelling on New Trial and Appellate Practice, sec. 379.) The late case of *Holtum* v. *Greif,* 144 Cal. 521, [78 Pac. 11], one of the cases relied upon by the petitioner, after stating the general rule that an order granting or refusing a new trial regularly made and entered cannot be set aside by the trial court, states that if the orders

"have been entered prematurely or by inadvertence, they may be set aside on a proper showing. (*Odd Fellows' Sav. Bank* v. *Duprey,* 66 Cal. 170, [4 Pac. 1173], and cases cited.) And if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth." (Citing other cases.) In the case referred to the court held that it clearly appeared from the terms and recitals in the order that it was not a correction of an erroneous entry in the minutes. The order here in question appearing to deny the motion of defendant for a new trial was evidently made through the mistake or inadvertence or excusable neglect of the defendant—the moving party—and upon his application it was within the power of the court to grant the relief it did, by setting aside the order so improvidently entered, and placing the case on the calendar for hearing upon its merits. (Code Civ. Proc., sec. 473.) The petitioner here —the plaintiff in the case in question—seems to have recognized this as the proper proceeding on the part of the court, by appearing at the hearing of the motion for new trial and taking part therein, and by taking an appeal to this court from the order granting a new trial.

For the foregoing reasons the petitioner is not entitled to the writ prayed for.

The writ is denied.

Angellotti, J., Shaw, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.