[S. F. No. 7001.   In Bank.—December 17, 1915.]

## KERNAN ROBSON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

NEW TRIAL—INADVERTENCE OF COURT IN DENYING MOTION—JURISDICTION TO VACATE ORDER OF DENIAL.—The action of the superior court in denying a motion for new trial at the time it came on for hearing, made in the absence of counsel for the moving party, and in ignorance of an agreement between counsel of the parties interested in the motion for a continuance of the hearing, is an inadvertence of the court, which it has jurisdiction to subsequently remedy of its own volition by vacating the order of denial and restoring the motion for new trial to the calendar, without any application being made by the parties under section 473 of the Code of Civil Procedure. (Per Melvin, J., Henshaw, J., and Lorigan, J., concurring; Sloss, J., and Shaw, J., dissenting.)

MORTGAGE—FORECLOSURE—DEFENDANTS JOINED AS SUCCESSORS OF MORTGAGOR — ASSUMPTION OF MORTGAGE DEBT — ADVERSARY PARTIES—EFFECT OF JUDGMENT.—Defendants in an action of foreclosure, joined as such because they were successors in interest of the mortgagor and had successively assumed payment of the mortgage indebtedness, but who did not ask and were not granted any affirmative relief as between themselves, are not adversary parties, and a judgment in favor of the plaintiff is not *res judicata* as to any issue between them. In such action the plaintiff could stipulate with one of such defendants as it pleased.

ID.—MOTION FOR NEW TRIAL BY ONE DEFENDANT—EFFECT OF ORDER GRANTING AS TO OTHERS—NOTICE TO DEFENDANTS NOT MOVING.—In an action to foreclose a mortgage brought against the mortgagor and several of his successors in interest who were alleged and found to have assumed the payment of the mortgage indebtedness, which resulted in a judgment of foreclosure and sale and the entry of a deficiency judgment against all of the defendants, there being no judgment in favor of any of the defendants as between themselves, the granting of a motion made by one of the defendants alleged to have assumed the mortgage debt for a new trial of the issues between himself and the plaintiff, did not disturb the judgment against another of such defendants, who had not asked for any affirmative relief against the moving party, and such other defendant, not being a party interested in the motion for new trial, was not entitled to notice of the proceedings therein.

ID.—PROHIBITION — NEW TRIAL SHOULD BE CONFINED TO PARTIES TO MOTION.—The new trial had in pursuance of the order granting such

motion should be confined to the issues raised between the plaintiff and the moving defendant, and a writ of prohibition will issue, at the instance of another defendant, so to limit the new trial.

APPLICATION for a Writ of Prohibition directed to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Jas. P. Sweeney, for Petitioner.

J. J. Lermen, and Chas. L. Tilden, for Respondents.

MELVIN, J.—This is a proceeding in prohibition. The petition was addressed to this court originally and an alternative writ was issued. The facts are as follows:

In September, 1908, the Hibernia Savings and Loan Society sued to foreclose a mortgage on real property. The original mortgagor was Theresa Lewin. Jacob Lewin was joined as her husband and the other defendants, sued as successors to the interest of Mrs. Lewin in the order in which they were named and as persons who had assumed the payment of the note secured by the mortgage, were Kernan Robson (petitioner herein), Michael O'Toole, Curtis Hillyer (sued as C. H. Lieutemps), John G. Hoyt, the corporation known as Tilden, Swayne & Co., and Louis James. Other defendants were designated by fictitious names.

The cause was tried and judgment was given in favor of plaintiff. The court found that there had been successive conveyances, as pleaded, with corresponding assumptions of the indebtedness and drew the conclusions of law that plaintiff was entitled to foreclosure and to a judgment declaring Theresa Lewin, Robson, O'Toole, Hillyer (sued as Lieutemps), and Hoyt, personally liable for the amount of the mortgage debt. The judgment was entered October 5, 1911.

On December 7, 1911, the motion of Hoyt for a new trial was served and filed. On December 8, 1911, the foreclosure sale took place, the plaintiff becoming the purchaser and a deficiency judgment which, on April 2, 1912, amounted to more than fourteen thousand dollars, was on that date docketed against Theresa Lewin, Robson, O'Toole, Hillyer and Hoyt. The deed of the commissioner to plaintiff was exe-

cuted December 18, 1912.   Hoyt's motion for a new trial was denied on February 21, 1913.

When said motion was called on the court's calendar, on that date, Hoyt did not answer because he had agreed with a member of the firm of lawyers representing plaintiff that there should be a continuance.   This agreement was not known to the representative of that firm who appeared in court on February 21, 1913, and he asked that the matter be submitted.   Thereupon, the court denied the motion.

On February 27, 1913, on the *ex parte* application of the plaintiff the court set aside the order of February 21, 1913.

On April 4, 1913, the court made and entered an order granting a new trial.   This was based "upon stipulation filed," which stipulation was in the following language:

"It is hereby stipulated that the judgment heretofore made, rendered and entered in the above-entitled action in favor of plaintiff may be vacated and set aside, and that a new trial may be granted in the above-entitled action.

"Dated April 4th, 1913.

"TOBIN & TOBIN,<br>"Attorneys for Plaintiff."

It is conceded that the petitioner Robson had no notice of the application which resulted in the order of February 27, 1913, setting aside the order denying Hoyt's motion for a new trial, nor had he notice of the stipulation upon which was based the order of April 4, 1913.

Respondents contend that the order setting aside the previous order by which Hoyt's motion for a new trial had been denied was fully within the jurisdiction of the court, and was made in pursuance of a well-recognized power.   The case of *Whitney* v. *Superior Court,* 147 Cal. 536, [82 Pac. 37], fully supports this view.   In that case, as here, the court was dealing with an order made upon *ex parte* application of counsel, setting aside its former order denying the defendant's motion for a new trial.   In that case, as here, the motion for a new trial had been called up by plaintiff's counsel in the absence of counsel for the moving party and in violation of the stipulation that it should not be brought to the attention of the court in that manner.   Upon the theory that the court had lost jurisdiction to set aside the order denying the motion for a new trial, the successful litigant in the lower court (or his assignee) asked for a writ of execution, in spite

of the fact that after restoration of the defendant's motion to the calendar and formal argument thereof, the prayer of defendant had been granted and a new trial had been ordered. This court declined to give a writ of *mandamus* to compel the clerk of the superior court to issue execution. Speaking of the litigation in the superior court, Mr. Justice Van Dyke, delivering the opinion of this court, said: ''The motion for new trial in that case was by the defendant. He was the moving party. It was brought up, as appears, in the absence of the defendant's attorney, without any argument, or opportunity upon the part of the defendant to be heard, and under the circumstances it was right and proper for the court to do as it did—set aside the order denying the motion for a new trial, and thereupon give the moving party an opportunity to present the motion. In *Morris* v. *De Celis*, 41 Cal. 331, it is said: 'If a motion for a new trial is decided by the court, before it has been submitted, the order denying or granting the new trial should be set aside as improvidently made, if application is made therefor.' In *Stewart* v. *Taylor*, 68 Cal. 5, [8 Pac. 605], it is said: 'There is no doubt that the court in which an irregular order is made and entered may, where the irregularity is apparent, on suggestion, motion, or *ex mero motu*, set it aside at any time before an appeal is taken from it.' In Hayne on New Trial (volume 2, section 199), the author says: 'Where an appealable order was improvidently or inadvertently made, the aggrieved party may move the court below to set it aside, and may appeal from the order denying his motion. Thus where a motion for a new trial was granted without any submission of the motion, and before the record upon the motion was completed, it was held to be proper practice for the aggrieved party to move upon affidavits to have the order granting the new trial set aside, and the order denying such motion was reversed. (Referring in note to case of *Morris* v. *De Celis*, 41 Cal. 331.) The fact that the order was made irregularly takes it out of the general rule.' (See, also, 2 Spelling on New Trial and Appellate Practice, sec. 379.) The late case of *Holtum* v. *Greif*, 144 Cal. 521, [78 Pac. 11], one of the cases relied upon by the petitioner, after stating the general rule that an order granting or refusing a new trial regularly made and entered cannot be set aside by the trial court, states that if the orders 'have been entered prematurely or by inadvertence, they

may be set aside on a proper showing. (*Odd Fellows' Sav. Bank* v. *Duprey,* 66 Cal. 170, [4 Pac. 1173], and cases cited.)' "

It is suggested that *Whitney* v. *Superior Court,* 147 Cal. 536, [82 Pac. 37], may be distinguished from the case at bar because after the motion had been restored to the calendar, the counsel of the respective parties to the litigation appeared and took part in the proceedings in the hearing of the motion for a new trial, and the plaintiff appealed from the order granting a new trial. But the court in that case was dealing with a question of *jurisdiction* which may not be conferred by acquiescence. It was clearly held that the court had the power to correct its action with reference to defendant's motion. The fact that after his objection to the jurisdiction of a court the litigant proceeds in the usual manner to try the cause or the proceeding does not preclude him from questioning the power of the court to proceed further. (*Arroyo Ditch and Water Co.* v. *Superior Court,* 92 Cal. 47, 52, [27 Am. St. Rep. 91, 28 Pac. 54].) It was not the theory of the Whitney case that the plaintiff in the litigation in the superior court was estopped to deny the jurisdiction of the court to set aside its own order inadvertently made. We see no reason to forsake the doctrine of the Whitney case which has been the settled law for more than a decade. That case was carefully considered and the opinion of Mr. Justice Van Dyke received the concurrence of four of the justices who are still on this bench.

It is suggested, however, that the inadvertence which resulted in the entering of the order denying the motion for a new trial was an inadvertence of a *party,* relief from which might have been obtained under section 473 of the Code of Civil Procedure, upon due application after proper notice. But the inadvertence was not that of Hoyt. He had done nothing he should not have done. He had omitted nothing which he should have done. It was not his fault that someone unauthorized to submit his motion had done so. Petitioner insists that there was nothing within the knowledge of the court which should have given notice to the judge of that tribunal that an improper order was being made. Undoubtedly the court may dismiss a motion for a new trial when the moving party fails to prosecute, and it is also true that such a motion may be brought on for hearing by either

party. (Code Civ. Proc., sec. 660.)   The court knew that
Hoyt's counsel and Robson's counsel were not present when
the order of February 21, 1913, was made.   It was the duty
of the court to permit Hoyt to present his motion unless he
waived his right by failing to appear.   When, therefore, the
court learned that the motion had been called for hearing
under circumstances which deprived Hoyt of his right to a
hearing, it became manifest that the court, and not counsel
for the injured party, had acted inadvertently, and there-
fore that of its own volition the court could restore the motion
for new trial to the calendar, without any application having
been made under section 473 of the Code of Civil Procedure.
The Whitney case has settled that matter.

The next question presented is whether or not the court
erred in making the order of April 4, 1913, granting the new
trial on stipulation of plaintiff and defendant Hoyt, without
giving notice to the petitioner Robson.   The position of re-
spondents is this: Robson and Hoyt were not adversary par-
ties to the action of foreclosure; therefore the judgment in
favor of the plaintiff is not *res judicata* as to any issue be-
tween Robson and Hoyt, and the bank could accordingly
stipulate with Hoyt as it pleased.   This contention is correct.
The bank sued the defendants and alleged against each of
them separately that each in purchasing the land had assumed
the payment of the mortgage.   Robson and Hoyt filed sepa-
rate answers.   Robson filed a pleading called a "cross-com-
plaint," but in it he asked no affirmative relief against Hoyt.
The findings contain the statement, among others, that the
case came to trial upon the cross-complaint of Robson against
O'Toole and Hillyer.   No reference is made to Hoyt.   Clearly
the superior court did not look upon the pleading as a cross-
complaint against Hoyt.   Counsel for petitioner virtually con-
cedes that there was no cross-complaint against Hoyt, for he
uses the following language in one of the briefs:

"The cross-complaint was filed as a precautionary measure,
for in advance it was not known how plaintiff would act,
and whom plaintiff would seek to hold or release, but, in
view of the findings of the court, all necessity of the cross-
complaint ceased, its existence is of no importance, it affects
no right of the parties and discussion of it is closed."

It should be noted also that no judgment was rendered in
favor of Robson.   The true position of these two defendants

CLXXI Cal.—38

is therefore to be found by eliminating all thought of the so-called ''cross-complaint.'' The true rule is well illustrated by the following quotation from *Hibernia Sav. & Loan Soc.* v. *Dickinson,* 167 Cal. 619, [140 Pac. 265] : ''Where a complaint is directed against two persons, and the liability of one involves some facts which are not material to the liability of the other, upon the cause of action declared upon, and they answer separately, neither is required to answer those allegations which relate solely to the liability of the other. The present case illustrates this proposition. The action was upon the note and mortgage executed by Dickinson alone. His liability was shown by the allegations of the execution and nonpayment of the note and mortgage. Montgomery did not execute them. He was a proper party because he was a subsequent purchaser of the land. But his personal liability for the debt and to a deficiency judgment was founded on the extraneous fact that he had assumed payment of the mortgage debt. This fact had no relation whatever to the original liability of Dickinson. It was not a fact material to the cause of action stated against Dickinson, either to obtain a foreclosure or to obtain a deficiency judgment.''

The effect of granting a new trial of the issues between the bank and Hoyt will not disturb the judgment against Robson. (Code Civ. Proc., sec. 578; *Fowden* v. *Pacific Coast Steamship Co.,* 149 Cal. 155, [86 Pac. 178] ; *Nichols* v. *Dunphy,* 58 Cal. 607.) Hoyt was asking for a new trial as to the issues between him and plaintiff, and as to such issues only. Petitioner is not an aggrieved party because in the event of Hoyt's escaping a judgment all of the liability might fall upon him. The conclusion of the court in the suit for foreclosure of the bank's mortgage will not be binding in any action which Robson may bring against Hoyt. The decree in favor of the bank fixed none of the rights or obligations of the defendants among themselves. Robson is not an interested party in the proceedings for a new trial of the issues between plaintiff and Hoyt. In *Estate of Heydenfeldt,* 127 Cal. 456, 459, [59 Pac. 839], it was held that persons who were on the same side in a former proceeding may not invoke the principle of estoppel as between each other based upon findings in that said former proceeding. We need not analyze the many authorities from other states cited by respondents, because the rule is well understood. It is well

stated, however, in *Wiltrout* v. *Showers,* 82 Neb. 779, [118 N. W. 1080]. The action was for breach of contract whereby defendant agreed to pay a note and mortgage executed by plaintiff in favor of a third person. The holder of the note sued both Wiltrout and Showers. The former defaulted and Showers was successful as against the holder of the obligations. Wiltrout paid the judgment and then sued Showers, who pleaded the former judgment as *res judicata.* The court said: ''As between the two defendants in that action no issue was joined. Wiltrout and Showers were not adverse parties. The question of liability of Showers on the oral contract to assume and pay the notes was not litigated and determined as between Wiltrout and Showers. The rule of law is well settled that parties to a judgment are not bound by it in a subsequent action unless they were adverse parties in the original action. (1 Freeman on Judgments, 4th ed., sec. 158; 2 Black on Judgments, 2d ed., sec. 599; *Pioneer Sav. & Loan Co.* v. *Bartsch,* 51 Minn. 474, [38 Am. St. Rep. 511, 53 N. W. 764].) The bar of former adjudication can only be raised between those who were adverse parties in the former suit, and the judgment in the former suit settles nothing as to the relative rights or liability of the codefendants as between themselves, unless their conflicting claims were put in issue by cross-petition or adverse answers and were actually litigated and adjudicated. (23 Cyc. 1279; *Whitesell* v. *Strickler,* 167 Ind. 602, [119 Am. St. Rep. 524, 78 N. E. 845].)''

It follows that Robson's rights are not dependent upon the determination of the issues between the plaintiff and Hoyt in the foreclosure suit. Of course, the court below will confine itself in the new trial to the single issue of the alleged assumption by Hoyt of the payment of the mortgage. But it is alleged in the petition that the respondent court and the judge thereof are about to ''try said action as to all defendants,'' and there is no denial of this allegation in the answer. The petitioner is entitled to a writ prohibiting respondent from trying any issues except those arising on the pleadings between the plaintiff bank and defendant Hoyt

Let such a writ issue.

Henshaw, J., and Lorigan, J., concurred.

SLOSS, J., Concurring.—I concur in the judgment. It is clearly shown by the opinion of Mr. Justice Melvin that the

petitioner, Robson, would not be affected by a new trial of the issues raised between the plaintiff in the foreclosure suit and Hoyt.   This being so, the petitioner is not a party "beneficially interested," and is not therefore in a position to seek a writ of prohibition against the trial of such issues.   (Code Civ. Proc., sec. 1103.)

He is, however, directly interested in preventing another trial of the action against himself as defendant.   By the judgment he is made liable for a deficiency in the proceeds of the sale.   The property has been sold on foreclosure and the amount of the deficiency ascertained.   In the event of a new trial, a new judgment, and a new sale, the deficiency for which Robson is liable may be greatly increased.

It follows that, as is held in the foregoing opinion, any new trial should be confined to the issues between the bank and Hoyt, leaving the judgment of the bank against Robson standing as a final adjudication.   This was precisely the effect of the writ of prohibition directed on the former submission of the present proceeding.   The correctness of the conclusion is conceded by the respondents in their brief filed since their petition for rehearing was granted.   If, as they claim and as we hold, Robson was not an adverse party to Hoyt, and could not be affected by a new trial granted to Hoyt, there is no occasion to consider whether the court properly set aside, as to Hoyt, the order denying a new trial.   But as this question is discussed in Mr. Justice Melvin's opinion, I deem it proper to say that I do not assent to the views expressed by him with respect to the right of a court to vacate, on an *ex parte* application, an order granting or denying a new trial.   On this point I adhere to what I said in the former opinion, from which I quote:

"The petitioner takes the position that when an application for a new trial has been made in due form and the court has passed upon it, the order made is conclusive so far as the court making it is concerned, and that court cannot afterward vacate the order and again decide the motion.   As a general proposition, this contention is unquestionably sound. (*Coombs* v. *Hibberd,* 43 Cal. 452; *Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. 168, [4 Pac. 1173] ; *Dorland* v. *Cunningham,* 66 Cal. 484, [6 Pac. 135] ; *Lang* v. *Superior Court,* 71 Cal. 491, [12 Pac. 306, 416] ; *Carpenter* v. *Superior Court,* 75 Cal. 596, [19 Pac. 174] ; *Holtum* v. *Greif,* 144 Cal. 521,

[78 Pac. 11].)   The 'statute,' says the court in *Dorland* v. *Cunningham*, 66 Cal. 484, [6 Pac. 135], 'authorizes but one motion for a new trial, and makes the ruling thereon final, so far as the superior court is concerned.'   If error has been committed in granting or denying the motion, the proper mode of seeking redress is by appeal, as in the case of any final order or judgment of the superior court.

"The objection that the lower court has improperly vacated its final order is one that goes to the jurisdiction of the court. (*Lang* v. *Superior Court*, 71 Cal. 491, [12 Pac. 306, 416]; *Carpenter* v. *Superior Court*, 75 Cal. 596, [19 Pac. 174]; *Holtum* v. *Greif*, 144 Cal. 521, [78 Pac. 11].) . . .

"An order granting or denying a motion for a new trial is, of course, like other orders, subject to be set aside under section 473 of the Code of Civil Procedure.   But the granting of such relief implies an application to the court by the party against whom the proceeding was taken, upon notice to the adverse party and upon a proper showing, and it is not claimed that in this case there was any attempt to invoke or to exercise the power conferred on the court by section 473.

"There is one further limitation upon the rule prohibiting the court from vacating its order once made, and upon this the respondents place their reliance.   Where an order has been made 'irregularly and through inadvertence,' the court has power, of its own motion or on application of a party, to set the order aside.   (*Morris* v. *De Celis*, 41 Cal. 331; *De Gaze* v. *Lynch*, 42 Cal. 362; *Hall* v. *Polack*, 42 Cal. 223; *Odd Fellows' Sav. Bank* v. *Deuprey*, 66 Cal. 168, [4 Pac. 1173], and cases cited; *Holtum* v. *Greif*, 144 Cal. 521, [78 Pac. 11]; *Whitney* v. *Superior Court*, 147 Cal. 536, [82 Pac. 37].)   This rule has been applied in cases where the order was prematurely made, as, for example, where a statement to be used on the motion has not been settled, or there had been no submission of the motion.   In such cases the court has acted irregularly and inadvertently in undertaking to pass upon a motion which had not been brought before it, and its improvident action may be set aside.   This does not mean that an order may be vacated because the court concludes, after making it, that it erred in matter of law or fact, or because one of the parties was guilty of some inadvertence which resulted to his disadvantage.   The inadvertence which will

justify the setting aside of an order (except under section 473) is the inadvertence of the court, not of a party.

"We think there was here no basis for the court's action in setting aside its order denying a new trial. The notice of intention had been served and .filed, the bill of exceptions had been duly settled and was on file, and the motion appeared regularly on the calendar of the court for argument on February 21, 1913. On that day, there being no appearance for the moving party, Hoyt, the motion was called and answered 'ready' by counsel for plaintiff, who submitted the motion, which was thereupon denied. All of this was perfectly regular, and the court did not act improvidently or inadvertently. It appears, however, that there had been an oral understanding between counsel for Hoyt, and a member of plaintiff's firm of counsel, that the hearing of the motion should be continued. This was not known to the attorney who appeared for plaintiff on February 21st. The misunderstanding in this regard would unquestionably have supported a claim of inadvertence or surprise on the part of Hoyt, but we cannot see that it tended to show any inadvertence or irregularity on the part of the court. If the disregard of oral stipulations, or misunderstandings between counsel, could authorize the court of its own motion, or on an *ex parte* application, to set aside judgments or orders as improvident, the finality of judicial determinations would be seriously impaired. Reasons like these are typical illustrations of the grounds upon which relief should be sought under section 473."

I do not stop to discuss the question whether *Whitney* v. *Superior Court,* 147 Cal. 536, [82 Pac. 37], can be successfully distinguished from the case at bar. If there be no valid ground of distinction, I think the decision in the Whitney case is in conflict with the rules established by a long line of prior decisions, and with fundamental principles governing the finality of judicial determinations.

Shaw, J., concurred.

ANGELLOTTI, C. J., Concurring.—I concur in the judgment on the ground that the petitioner would not be affected by a new trial of the issues raised between the plaintiff in the foreclosure suit and Hoyt, and that this being so, he is not in a position to seek a writ of prohibition against the

trial of *such* issues. He is beneficially interested in prohibiting the trial of other issues, and therefore it is properly ordered that a writ issue to prohibit any such trial.