[Civ. No. 5246.   Third Appellate District.—December 18, 1934.]

WILLIAM PITT WHITE ESTATE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent.

Arthur W. Hill, W. C. White and Arthur W. Hill, Jr., for Petitioner.

Blaine McCowan for Respondent.

PULLEN, P. J.—Petitioner herein presented to this court a petition for a writ of mandate directed to respondent superior court requesting said court to order or procure a transcript of certain proceedings, or if that could not be done to grant a new trial to petitioner, and in support thereof set forth that an action in replevin had been commenced in the Superior Court of Humboldt County, wherein Jesse J. Lampely was plaintiff and petitioner herein was defendant. Upon the same day George Lampely also filed an action in replevin against petitioner, which actions were, by order of the court, consolidated for trial, duly tried, and a judgment rendered in favor of respective plaintiffs and against defendant, the petitioner herein.

In due time appellant therein filed a notice of motion for a new trial, and thereafter the matter was heard and an order entered denying the motion for a new trial. Thereupon appellant, pursuant to the provisions of section 953a of the Code of Civil Procedure, gave notice of appeal to the District Court of Appeal from the order and judgment denying the motion for a new trial, and at the same time filed a request for a transcript to be prepared in accordance with said section.

It is then alleged in the petition for writ of mandate that petitioner personally called upon the court reporter and requested that the amount be fixed as the cost of transcribing such testimony, petitioner alleging it was ready, willing and able to pay for such transcribing and so informed the said stenographic reporter. The reporter, so it is alleged, refused to fix the amount of such compensation, stating that she was in failing health and memory and unable to transcribe such testimony, and for that reason refused to name the amount thereof. It is also alleged that demand was made upon the clerk to fix the amount of the undertaking as provided by section 953b of the Code of Civil Procedure, but the clerk also refused to fix the amount thereof. The petitioner also alleges a request was made of the court at the time of the argument on the motion for a new trial that a

new trial be granted if the transcript could not be furnished, but the court refused to grant a new trial or order such transcript to be prepared.

In response to the petition for a writ of mandate this court issued an alternative writ, returnable on a day certain. To this petition respondent answered, particularly denying on information and belief that the reporter refused to prepare a transcript, but alleged that the reporter then and there stated to petitioner that she would not prepare the same until petitioner deposited the sum of $500 or gave security for the payment thereof, and that when payment was made or security given therefor the transcript would be prepared and filed.

Respondent has also filed and noticed a motion for judgment on the pleadings or to dismiss the petition for the writ. It is to the latter motion we will now direct our attention.

As a ground for dismissal it is urged first that respondent superior court is powerless as a matter of law, to grant a new trial, said respondent having once passed upon a motion for a new trial, it cannot review that action, and secondly, that it does not appear from the petition for the writ that it is impossible to have a phonographic report of the trial, nor does it appear that any undertaking to pay the clerk the cost of preparing such transcript had been filed as required by section 953b of the Code of Civil Procedure.

We believe the motion to dismiss must be granted. Respondent herein having passed upon the motion for a new trial, the order then made was conclusive, and that court cannot vacate its order and again pass upon the motion. It is only where a court has prematurely or by inadvertence passed upon a motion for a new trial that the order may be set aside. (*Whitney* v. *Superior Court,* 147 Cal. 536 [82 Pac. 37].) There was here no attempt to invoke the power conferred on the court by section 473 of the Code of Civil Procedure. The rule is expressed in 20 California Jurisprudence, page 204, that ''an order granting or refusing a new trial made in due form after the submission of a motion for that purpose and in the regular exercise of the jurisdiction of the court, is reviewable only upon appeal, and the trial court may not vacate or set it aside and again decide the motion. The statute authorizes but

one motion for a new trial and the order thereon is final and conclusive so far as the court making it is concerned'', which statement is fortified by ample authority there collected.

We believe also the second ground urged by respondent against the granting of the writ is a sufficient answer to the petition, it not being alleged that any undertaking had been filed in lieu of an arrangement made with the reporter for the payment of her compensation.

The petition must be denied and the writ discharged. It is so ordered.

Plummer, J., and Thompson, J., concurred.