[No. 7,122.—Department One.]
March 22, 1882.

## FREDRICK DOHS ET AL. v. MARY L. DOHS ET AL.

ESTATES OF DECEASED PERSONS—FINAL DISTRIBUTION—DEFINITION—PENDENCY OF ADMINISTRATION—CLAIMS AGAINST ESTATE—STATUTE OF LIMITATIONS.—Until the entry of a decree discharging the executor or administrator, the administration of the estate is still pending, and until then (under C. C. P. § 1569) no claim against the estate which has been presented and allowed is effected by the statute of limitations.

APPEAL from a judgment for the defendant Willoughby against the plaintiff and other defendants in the Twenty-third District Court of the City and County of San Francisco. THORNTON, J.

The complaint (filed April 19, 1819), in effect alleges that Fredrick Dohs, John Dohs, Frank Dohs and Anna Walker, and the defendants, Mary L. Dohs and Adelaide Dohs, are the equitable owners as tenants in common of certain land in the City and County of San Francisco, formerly the property of Catharine Dohs deceased; that, by the will of Catharine Dohs, the defendants Jacob Gundlack and Henry Meyer (together with F. Von Loehr) were appointed trustees of said property in trust for the plaintiffs and the two defendants first named; and that in the decree of distribution in the estate of said deceased the said premises, which were part of said estate, were distributed to the said trustees upon the trusts aforesaid; that said Catherine Dohs in her life-time and while the owner of said premises, on or about the first day of December, 1867, executed to one Peter Reitz a mortgage upon said property to secure her promissory note for the sum of two thousand five hundred dollars; which note was payable January 1, 1870; that the said note by mesne assignments has vested in the defendant, Cornelia Willoughby, who claims to be the owner and holder thereof and claims that said mortgage is now a lien on said premises. The prayer of the complaint is that the mortgage claim be adjudged to be barred by the statute of limitations, and for an execution in trust.

The Court found in effect that these allegations were true
and further found as follows :

That said mortgagee, Peter Reitz, duly presented his mort-
gage claim against said estate to the executors, and the same
was by them duly allowed, and allowed and approved by the
Probate Judge of said Court, and on the nineteenth day of
January, 1870, the same was duly filed in said Court.

That final distribution of said estate was duly had in the
said Probate Court, on the seventh day of February, 1871, and
upon the hearing of the petition of executors for said final
distribution, said Peter Reitz came into Court and consented
that said final distribution of said estate be had " subject to
the lien of his claim and mortgage," and the said property was
so distributed to said Henry Meyer, Jacob Gundlach and F.
von Loehr " in trust, subject to the claim and mortgage of said
Peter Reitz, to and for the said children of said deceased," to
be held by said trustees until the youngest son should be-
come of age, when said trustees should sell said property, pay
all just and valid claims and demands due, and distribute the
residue among the beneficiaries.

That said estate was indebted to said executors at the date
of said distribution in the sum of eight hundred and fifty-
eight dollars and forty-five cents.

That said trustees have paid the interest upon said note and
mortgage up to the first day of May, 1879.    That there re-
mains unpaid thereon the sum of two thousand five hundred
dollars with interest from May 1, 1879, at one per cent. per
month.

From the facts found the Court held as conclusions of law :
That said property, described in the complaint in this action,
was distributed by the Probate Court of the City and County
of San Francisco, to F. von Loehr, Henry Meyer and Jacob
Gundlach in trust, to pay the note, mortgage and claim of
Peter Reitz, and that said mortgage is now lien on said prop-
erty.    That said property should be sold at public auction,
and out of the proceeds of sale there shall be paid said note
and claim of defendant Willoughby.

Judgment was entered accordingly.

*Sawyer & Ball*, for Appellants.

The facts are all admitted and the questions to be decided are purely of law. The appellants insist:

1. That by the decree of distribution the *claim* of the mortgages in the Probate Court was amended, and the claim reverted back to its original status of note and mortgage.

2. That no trust was created by the will in favor of the mortgagee.

3. That even if a trust was created it was not such a trust as would prevent the statute of limitations from running against them.

4. That said note and mortgage was barred by the statute of limitations January 1, 1874.

The fact of presentation and allowance of a mortgage debt does not preclude the mortgagee from foreclosing it. (*Willis v. Farley*, 24 Cal. 499; Code of Civil Pro. § 1,500.)

The mortgagee consenting to the distribution merely placed himself in the position that he would have occupied had there been no death of the mortgagor, no presentation or allowance, merely that of a mortgagee. Then, said claim being merely a mortgage debt, there can be no controversy that it is barred by the statute of limitation, unless a trust was created that will take it out of the operation of the statute.

A general direction in a will to pay debts will not stop the running of the statute of limitations. (Story's Eq., § 1521, *a*, 11 Ed., p. 587.) Nor will a trust be created thereby. (*Agnew v. Fetterman*, 4 Barr., Penn. 56; Hill on Trustees, § 348; *Powell v. Robbins*, 7 Vesey, 209; 2 Perry on Trusts, § 559.)

Under our statute, the mortgagee had his action of foreclosure, and there is a limitation to that action, and here the statute runs. (Code Civil Pro., § 1500; *Willis v. Farley*, 24 Cal. 499.)

It was contended also in the Court below that the decree of distribution made the mortgage debt a trust. The decree could not go beyond the will, and unless the will created the trust, there could not be one created by the decree; and even if, by the terms of the decree, a trust was created, it was to that extent void, as the Probate Court, not being a Court of

equity, but of limited jurisdiction, had no power to create a trust by its decrees. But no trust was created or intended to have been created by the testatrix, and it is simply a matter of the note and mortgage, and the statute of limitations barred the claim.

*Daniel Rogers*, for Respondent.

Until a decree, discharging an executor or administrator is made by the Court, the estate is still pending. (§ 279, Probate Act; § 1,697, C. C. P.) Until the entry of a decree, discharging the executor, and terminating his trust, "the trust still continues in contemplation of law and the executor remains clothed with the duty and authority of his office." (*McCrea* v. *Haraszthy*, 51 Cal. 146.)

No lien against any estate shall be affected by the statute of limitations, pending the proceedings for the settlement of such estate. (§ 186, Probate Act; § 1,569, C. C. P.; Estate of Shroeder, 46 Cal. 304, 316.)

When Peter Reitz consented "that final distribution of said estate be had, subject to the lien of his said claim and mortgage," he lost no right; certainly not the right to be paid his just and honest claim.

An express trust created by will or deed is exempted from the statute of limitations. (Hill on Trustees, 167, 341; Lewin on Trusts and Trustees, 484; Ang. on Lim., §§ 167–169; *Kane* v. *Bloodgood et al.*, 7 Johns. Ch. R. 90; *Lyon* v. *Marclay*, 1 Wat. 271; *Bank of the United States* v. *Beverly et al.*, 1 How. 135.)

Catherine Dohs by her will recognized this debt of two thousand five hundred dollars, which at the time had not matured, and its payment was one of the purposes for which she devised her estate to her executors as trustees. (Hill on Trustees, 521 *et seq;* Lewin on Trust, 484.) The trust is an express trust created by will, and at the time this trust was created the debt was not even due; therefore, it could not afterwards be affected by the lapse of time. "It is an admitted rule, that unless debts are already barred by the statute of limitations when the trust is created, they are not afterwards affected by the lapse of time." (Ang. on Lim., § 367.)

The decree of distribution following the will distributed the land to the trustees, "in trust, subject to the claim and mortgage of said Peter Reitz," exempted the debt from the operation of the statute of limitation.

A *cestui que trust* can not set up the statute of limitations against his *co-cestui que trust*. (2 Perry on Trusts, § 863; *Foscue* v. *Foscue*, 2 Ired. 321.)

*Sawyer & Ball*, for Appellants in reply.

There is nothing in the Transcript showing whether a discharge was filed or not; but, assuming that there was none, the decree of distribution was made and filed, and the property distributed, and received by the distributees, and taken possession of by them, and the estate is as effectually closed as it could possibly be by a decree of discharge. The certificate of discharge, in this case, is merely a ministerial duty, and its effect in any case is merely a satisfaction of the decree of distribution. (*Estate of Garraud*, 36 Cal. 279.) After decree of distribution, the Probate Court has no jurisdiction of the property distributed, except to compel delivery. (*Wheeler* v. *Bolton*, 54 Cal., 302.) The mere fact that the note and mortgage has not been paid does not continue proceedings in the estate, as Peter Reitz waived his claim in the Probate Court, when he consented to a distribution subject to his mortgage, and he did lose some rights, for had the real estate been insufficient to pay the note and mortgage, he could have had no judgment for a deficiency against the estate, as it was closed. He had the right and all the rights of a mortgagee, *and no more*, and his claim, as far as the Probate Court was concerned, was completely wiped out, and the statute of limitations commenced to run from the time the decree was entered, viz., February 7, 1871. (Civil Code, § 2822; *Kane* v. *Bloodgood*, 7 John. Ch.)

McKINSTRY, J.:

Section 1697, of the Code of Civil Procedure, provides: "When the estate has been fully administered, and it is shown by the executor or administrator, by the production of satisfactory vouchers, that he has paid all sums of money due from him, and delivered up, under the order of the Court,

all the property of the estate to the parties entitled, and performed all the acts lawfully required of him, the Court must make a judgment or decree discharging him from all liability to be incurred thereafter." Until the entry of such a decree "the trust still continues in contemplation of law, and the executor remains clothed with the duty and authority of his office." (*McCrea* v. *Haraszthy*, 51 Cal. 146, 151.) Until the entry of such a decree the estate is not settled. "No claim against any estate which has been presented and allowed is affected by the statute of limitations, pending the proceedings for the settlement of the estate." (C. C. P., 1569.) This last clause is sweeping, and includes every claim "presented and allowed."

Judgment affirmed.

Ross and McKee, JJ., concurred.