[In Bank.—June 6, 1883.]

E. W. DEAN, PETITIONER, v. SUPERIOR COURT OF THE COUNTY OF SANTA BARBARA, RESPONDENT.

PROBATE PROCEEDINGS—DECREE OF DISTRIBUTION—DISCHARGE OF EXECUTORS.— A decree of the Probate Court distributing the estate of a deceased person, and also settling the accounts of the executors, and discharging them from further liability, is not void on its face in respect to such discharge, upon the ground that it was premature, and to that extent in excess of the jurisdiction of the court, there being nothing in the decree to show that any part of the estate still remained in the hands of the executors.

ID. — FRAUD — SETTING ASIDE THE DECREE. — After the lapse of six months from the rendition of the decree, it cannot be set aside for fraud on a mere petition under section 473 of the Code of Civil Procedure, even if the provisions of that section are applicable to decrees of the Probate Court. The only remedy is in equity, and a suit must be brought in the manner prescribed by the Code for the commencement of civil actions.

CERTIORARI to the Superior Court of the county of Santa Barbara, to review an order setting aside a decree of the Probate Court in the matter of the estate of H. W. Dean, deceased.

This proceeding was instituted by one of the executors of the last will and testament of the deceased. The order in question was made on a petition filed by the residuary legatee more than four years after the decree was rendered. The additional facts, so far as they bear upon the questions decided, are stated in the opinion of the court.

*R. B. Canfield,* for Petitioner.

*W. C. Stratton,* for Respondent.

PER CURIAM. — On the 13th July, 1876, the petitioner filed his final account and petition for distribution of the estate of H. W. Dean, deceased, of which he was executor; and on the 25th of the same month the Probate Court rendered a decree discharging the executors, releasing their bond and decreeing that the remainder of the estate "be and is hereby wholly set over and distributed to Mrs. H. W. Dean," etc. The petition of the executor stated "that the real estate and personal property described in the inventory remains on hand," and, "said estate is now ready for distribution." The decree allowing the final account and distributing the estate, after reciting that the account "contains a just and full account of all the moneys received and disbursed by said executor from the date of his appointment as such to the said 25th day of July, A. D. 1876," the day when the decree was entered; "that all necessary vouchers were produced and duly filed herein; that the total amount received by such executor as such is $232.95, and the full amount expended $157.75, *leaving a balance* of $75.25 in gold coin"; and after other recitals with respect to the payment of debts and of a certain specific legacy, and as to the assumption by the residuary legatee of the payment of executor's fees, and

the consent of the executor to release the estate therefrom, and as to the payment of all other expenses of administration, proceeds: "and it further appearing that the aforesaid final account embraces all the moneys received and paid out by the co-executor Sylvester Trule, and that he has ceased to act as such executor; and further, that said estate is now ready for final distribution, and that said account is entitled to be allowed, and the court having duly considered all the matters aforesaid: It is ordered and declared that the said final account of E. W. Dean, co-executor, etc., be and the same hereby is, in all respects, as the same was rendered and presented for settlement, approved, allowed, and settled, and that both of said executors, E. W. Dean and Sylvester Trule, be and are hereby finally and fully discharged from the further execution of their trust, and their bond fully exonerated, and that the remainder of said estate be and is hereby wholly set over and distributed to said residuary legatee, Mrs. H. W. Dean, otherwise Nellie T. Dean."

Section 1697 of the Code of Civil Procedure reads: "When the estate has been fully administered, and it is shown by the executor or administrator, by the production of satisfactory vouchers, that he has paid all sums of money due from him, and delivered up, under the order of the court, all the property of the estate to the parties entitled, and performed all the acts lawfully required of him, the court must make a judgment or decree discharging him from all liability to be incurred thereafter."

Until the entry of a judgment or decree discharging the executor, the trust still continues in contemplation of law, and such executor remains clothed with the duty and authority of his office. (*McCrea* v. *Haraszthy*, 51 Cal. 151; *Dohs* v. *Dohs*, 60 Cal. 255.)

It may be admitted, for the purposes of this decision merely, that if it appeared from the decree that it had not been shown to the Probate Court "by satisfactory vouchers" that the executor "had paid all sums due from him," or had not been shown, to the satisfaction of the court, that he had delivered up all property of the estate to the persons entitled, etc., the decree in so far as it attempts to "discharge" the executors would be *void*, because in excess of the jurisdiction; and, being void,

that the court, of its own motion, or on motion of any party in interest, would be authorized to set aside or strike from its records such invalid portion of the decree.

But, inasmuch as the statute does not require that the judgment or decree shall contain copies of the vouchers mentioned in section 1697, or recite the evidence which shall satisfy the court that the executor has delivered all the property of the estate, the judgment discharging the executor, upon any construction of the section of the Code, is not void on its face unless it affirmatively appears therefrom that it was shown to the court that the executor had not complied with the prerequisites to the judgment.

It may be said that every portion of the decree before us which took effect at all, took effect at the same moment of time, and therefore it appears that the order discharging the executors was premature; that we cannot divide the decree and hold that, *perhaps*, the account was approved, the order of distribution made, the distribution made in fact, and afterwards satisfactory vouchers and evidence were produced by the executor, and *then* an order made discharging him.

But the section of the Code does not provide that the discharge can only be made *after* the decree of distribution, but after the estate has been fully administered. It may be admitted there must be an order of distribution to support the judgment of discharge, but may not the two take effect contemporaneously? In anticipation of the approval of his account, and of a decree of distribution, the executor may have paid the $75.25 to the residuary legatee, or arranged with her for its application upon the executor's fees which she was to pay. As to the real estate, if she was already in actual possession of it, it was only necessary to show that fact to the court. The decree does not recite in terms that the $75.25 is "in the hands" of the executor, but that, deducting from the moneys received by the executors the amount of the sums by him paid out, there remains a balance of $75.25. Nor do we attach so much consequence as does respondent to the words in the decree, "it further appearing . . . . that said estate is now ready for final distribution." It would be equally ready for the *decree* of distribution—for the action of the court, which would give legal effect to the distribution—whether the property had or had not previously

been actually delivered by the executor to the parties who should be determined by such decree to be entitled to it. It may be that it was made to appear to the Probate Court that the money had been paid or the property in fact distributed, in the manner in which the decree provided that it should be distributed. If so, there is no reason why the decree of distribution and discharge should not take effect contemporaneously. We cannot say that the judgment itself shows that the portion of it discharging the executor is void.

Due notice was given of the hearing of the application of the executor for a settlement of his final account and for a distribution of the estate. The notice recites, that, the executor " having filed in this court his *final account* and petition for distribution of the estate of said deceased," the hearing of the same had been fixed by the court for a certain day and place, and proceeds: " All persons interested in said estate are notified then and there to appear and show cause, if any they have, why the *said account* should not be allowed and petition granted." This certainly notified all persons interested that the account to be acted upon was the "final account" of the executor.

From the judgment or order, as a judgment or order settling the final account of the executor and directing distribution of the estate, an appeal lay to this court.

The petition to set aside the judgment or order was filed in the Superior, as successor of the Probate, Court, several years after the same was entered, long after the period had elapsed within which the appeal could have been taken, and long after the expiration of the six months mentioned in section 473 of the Code of Civil Procedure. The prayer that the judgment or order be set aside and annulled is based upon allegations in the petition of false representations and of fraudulent practices, on the part of the executor, by which the court was induced to approve the account and decree distribution.

If section 473 of the Code of Civil Procedure was applicable to judgments rendered by the late Probate Court, and a judgment induced by the fraudulent practices alleged in the petition is one which may be relieved against, as one taken against the residuary legatee through her " mistake, inadvertence, surprise, or excusable neglect," the application to the successor of the

court which had rendered the judgment came too late—more than six months of time having expired, it was too late to ask relief on motion.   If section 473 of the Code of Civil Procedure did not apply to judgments or proceedings of the late Probate Court the judgment or order became final in that court, subject only to appeal, when it was entered.

If the judgment or order was obtained by the employment of frauds or artifices such as would justify a court of equity in annulling it (upon which it is unnecessary to express an opinion), the remedy of the party aggrieved was by independent action in equity, and the issuing and service of summons thereon. The matter had passed beyond the jurisdiction of the Superior Court as a court of probate.

The order on the 5th day of September, 1881, vacating and setting aside the judgment or order of the 25th day of July, 1876, approving and settling the final account of the executor, and distributing the remainder of the estate and discharging the executors is hereby annulled.