ESTATE OF RICHARD T. MAXWELL, DECEASED (No. 2).
[No. 2,625; decided December 1, 1884.   Affirmed, 74 Cal. 384, 16 Pac.
206.]

Probate Court—Jurisdiction.—The Superior Court, sitting in pro-
bate, has no greater jurisdiction than the probate court which it suc-
ceeds.

Probate Court—Jurisdiction.—The Superior Court, while engaged in
the exercise of probate jurisdiction, cannot entertain a cause of ac-
tion to obtain relief upon the ground of fraud, such as a petition to
disregard and declare void a devise alleged to have been procured
through fraud, and to make distribution to the heirs.

Richard Tybout Maxwell died in San Francisco on June
29, 1883.

He left an olographic will, bearing date July 23, 1882.
Daniel Rogers and Charles Ashton were therein named as
executors, and upon petition filed on July 5, 1883, and due
proceedings had, the will was admitted to probate and the
executors named appointed, and letters testamentary issued
to them on July 17, 1883.

In the petition for probate the executors stated that on
June 27, 1883, the testator intermarried with Miss Nellie
Donnelly, who was the principal devisee in the will.

On November 5, 1884, the executors filed their final ac-
count and a petition for distribution, in accordance with
the terms of the will.

On November 13, 1884, Mrs. Elizabeth C. Tybout, sister
of deceased, filed certain exceptions to the petition of the
executors for distribution, and asked that distribution be
made to her as sole heir at law.

She alleged that all provisions in the will in favor of Miss
Donnelly were made by the testator upon Miss Donnelly's
false and fraudulent representations, knowingly made to
the testator, that she was an unmarried woman and capable
of entering into a valid contract of marriage with him, and
in view of such marriage being entered into.

That as a matter of fact, however, the so-called Miss
Donnelly was, on August 31, 1880, married in Alameda
county to one Charles H. Keane, and is still his lawful wife.

That the testator never knew this, and, believing the so-called Miss Donnelly's false and fraudulent representations, made the provisions in her favor; and that on June 27, 1883, she entered into a pretended marriage with the testator, but that she was then the wife of Charles H. Keane, and well knew it, and that her said pretended marriage with testator was void.

That up to the time of his death the testator did not know of the fraud that had been practiced upon him, and believed Miss Donnelly to be his wife, and that neither Mrs. Tybout nor the executors had any knowledge or information of the marriage of the so-called Miss Donnelly to Keane, nor of the fraudulent representations, prior to September 8, 1884, more than a year after the probate of the will. ·

That the marriage with Miss Donnelly was the testator's sole motive in making her his devisee.

Mrs. Tybout therefore asked that the devise to Miss Donnelly be declared void, and that she, Mrs. Tybout, have distribution as sole heir at law of decedent.

To these exceptions and petition Miss Donnelly filed a demurrer on November 26, 1884.

The principal grounds of demurrer were, that more than one year had elapsed since the probate of the will, and that the time for attacking such probate and said will on any ground had long since elapsed; also that the will cannot be set aside in the mode attempted; further, that the facts stated are insufficient to authorize the court, under any circumstances, to disregard or refuse to the terms of the will, or to the order admitting it to probate, full force and effect, and that they are no longer open to attack in any proceeding.

This demurrer was sustained on December 1, 1884.

McAllister & Bergin, for the demurrant, M. E. Donnelly

Joseph R. Brandon, opposed, for Mrs. Elizabeth C. Tybout.

COFFEY, J. Counsel for the petitioners, excepting to the application for distribution in this estate, claims that the "exceptions" constituting a cause of action or pro-

ceeding under section 338, Code of Civil Procedure, to obtain relief on the ground of fraud or mistake, and not a proceeding collaterally or directly to assail the probate of the will, are at this time and in this manner cognizable by this court; and he asks this court, while engaged in exercising probate jurisdiction, to declare a trust in Miss Donnelly for the benefit of the Tybout heirs, under section 2224 of the Civil Code, and under the general jurisdiction vested in the superior court by the constitution and codes.

The superior court, sitting in probate matters, has no greater jurisdiction than the probate court which it succeeds: Estate of Hudson, 63 Cal. 454; Dean v. Superior Court, 63 Cal. 473.

It follows that the subject matter of the "exceptions" and petition of the Tybout heirs is not entertainable by this court while it is engaged in the exercise of probate jurisdiction; it does not constitute a cause of action that can here and in the manner presented be tried by the court which can only consider the probate law and practice. "Cases in equity," "cases at law," "matters of probate," are all separately described in the constitution (article 6, section 5), and while the court is engaged in the consideration of a case belonging to one of these classes it cannot, in the same matter, hear and determine what is essentially a case of another class mentioned in the constitution. The supreme court seems to have so settled the law; and it is the duty of this court to decide accordingly.