Foote, C.
An appeal from an order of the Superior Court of Santa Clara County settling a final account of an executor and distributing the decedent’s estate.
Michael Cahalan, the deceased, departed this life on the sixteenth day of December, A. D. 1874, leaving a will dated February 13, 1872, in which the petitioners (respondents), the children of a deceased daughter of the testator, were not mentioned, and by which M. M. Cahalan (the appellant) was constituted executor and residuary legatee.
*604 The will was duly admitted to probate, and letters testamentary issued to the appellant on the ninth day of January, A. D. 1875.
Notice to creditors to exhibit their claims was given February 7, 1875.
A final account was rendered and filed by M. M. Cabalan on the 26th of June, 1875. Accompanying that account was a petition setting forth that all debts had been paid, and all other directions of his testator's will had been faithfully carried out, and asking that a day be appointed for the settlement of his account, and for his discharge. It is recited in the decree ordering the allowance of that account and the discharge of the executor, which order was made on the seventh day of August, 1875, that it had been proven to the satisfaction of the court (then the Probate Court) that due and legal notice had been given of the settlement of said final account; that the executor had paid all the expenses and just claims against the estate of his testator, and all legacies and bequests in said will mentioned; that he had fully and completely discharged the trust mentioned in the eighth subdivision of the will, paid over all the money and delivered all the property as provided in said will; that it fully appeared to the court by documentary evidence and other good and sufficient proof that said executor had fully and completely done, performed, and carried out the provisions' of said last will of said deceased; that he had fully complied with all the orders of the court in the premises; that he had honestly and faithfully discharged all of his duties as such executor; that no other property remained in his hands belonging to the estate; that no further acts remained to be performed by him as executor of said decedent; that he be wholly and absolutely discharged from all further duties and responsibilities as such executor, his letters testamentary were declared vacated, the estate adjudged fully distributed, and the trust settled and closed.
*605 Upon its face, that decree was valid. (Dean v. Supeperior Court, 63 Cal. 473.) And as the statutory period for obtaining relief against it as prescribed in section 473 of the Code of Civil Procedure had long since elapsed, it could only be attacked and set aside on the ground alleged in the petition therefor by a proceeding in equity. (Estate of Hudson, 63 Cal. 454; Dean v. Superior Court, supra.)
But it is said this court cannot upon the present appeal review the order made on the 11th of June, 1880, setting that decree aside.
The order thus made was declared by this court to be one from which an appeal cannot be prosecuted. (Estate of Calahan, 60 Cal. 232.)
It was clearly intermediate, and necessarily affects the judgment from which this appeal is prosecuted, and is reviewable on such appeal. (Code Civ. Proc., sec. 956.)
For if the decree which the order set aside was valid on its face, and could not be, as it was, summarily held for naught, then that now appealed from was affected to the extent that it was utterly void, and no basis existed for the action of the court in making it unless it had first swept away the former decree, and thereby made a starting-point for its jurisdiction and procedure in the premises.
As a result, it follows that the order appealed from was erroneous, and should be reversed, and the cause remanded to be proceeded with in accordance to the views herein expressed.
Seabls, C., and Belcheb, C. C., concurred.
The Court.
For the reasons given in the foregoing opinion, the order is reversed, and cause remanded to be proceeded with in accordance with the views expressed in said opinion.