## ESTATE OF BRIDGET BYRNE, DECEASED.

### [No. 9,383; decided December 14, 1889.]

**Account.**—Sections 1632 and 1633 of the Code of Civil Procedure, as to the settlement of accounts of administrators, do not apply to an exhibit filed pursuant to section 1622, but to an account filed under section 1628.

**Account.**—An Order Settling an Annual Account is Final and Conclusive as to all parties in interest, subject only to appeal, and cannot, after the time for appeal has passed, be placed again in a position for appeal by motion to set it aside.

**Account—Setting Aside for Fraud.**—Allegations of fraud give the superior court, sitting in probate, no jurisdiction to vacate an order settling an account on motion, but such charges of fraud are the subject of an independent proceeding in equity.

This was an application, filed September 12, 1889, to set aside an order, made on August 14, 1885, settling an account of the administrator.

King & Saufley and W. F. Sawyer, for the Petitioner.

Thos. F. Barry, contra.

COFFEY, J. I have made a careful examination of the briefs of the respective counsel for applicant and respondent in this matter, and have come to the conclusion that the order settling the account is final and appealable and conclusive as to all parties in interest: Code Civ. Proc., secs. 1637, 1908; Reynolds v. Brumagim, 54 Cal. 257.

The counsel for the petitioner say, on page 7 of their reply brief, that they can see no difference between an order settling an administrator's account required under Code of Civil Procedure, sections 1622 to 1624, and an order settling an annual account under Code of Civil Procedure, section 1628. This court has decided frequently that an order settling the account or exhibit under section 1622, Code of Civil Procedure, does not signify, as there is no provision made for a judgment of the court upon any such exhibit, it being simply for the information of the court, and, therefore, the provisions of the Code of Civil Procedure, sections 1632 and

1633, as to the settlement of accounts of an administrator, do not apply to an account or exhibit under Code of Civil Procedure, section 1622, which is to be made six months after the appointment of an administrator. The decision of this court in the Estate of Caroline Fisher has no application to the matter now before the court, as the "experimental account," so called, in that case was presented merely to raise certain issues for the purpose of obtaining from the court directions to the executors as to their duties in the premises.

The order settling the annual account in this case was the subject of appeal to the supreme court (Code Civ. Proc., sec. 963), and cannot be placed again in position for appeal by a motion to set it aside: Coombs v. Hibbard, 43 Cal. 453; Dorland v. Cunningham, 66 Cal. 484, 6 Pac. 135; Tripp v. Santa Rosa St. R. R. Co., 69 Cal. 631, 11 Pac. 219.

The allegations of pretended fraud give this court no jurisdiction to vacate said order settling the account. They are, if true and sufficient, the subject of an independent proceeding in a court of equity: Estate of Hudson, 63 Cal. 454; Dean v. Superior Court, 63 Cal. 474; affirmed, In re Cahalan, 70 Cal. 605, 12 Pac. 427; Estate of Maxwell, 74 Cal. 384, 16 Pac. 206. These cases are conclusive on the point that the order settling the account of the administrator is not assailable in this court in the manner attempted, and that if this court should set aside the order its action would be a nullity.

As to so much of the application as attacks the validity of the order settling the annual account this proceeding cannot be sustained, as the court concludes it has not the power or jurisdiction to set aside the order made heretofore settling the first annual account; but, with respect to so much of the petition as requires the administrator to file his final account, the court is of opinion that the petition is sufficient; and the demurrer as to that part is overruled, and counsel are instructed to draw an order upon the administrator to show cause why he should not file his final account.

---

The Settlement and Allowance of the Account of an Executor or Administrator, if not appealed from, is conclusive as to all matters and items contained in it and upon all persons interested, saving to persons under disability the right to reopen the account or proceed against the executor or administrator at any time before final dis-

tribution. In this respect there is, in general, no difference between a final and any other account. Once settled and approved, accounts can be questioned only on direct attack by motion to open, or other like remedy in the superior court, or on appeal. They are not subject to collateral attack: 1 Ross on Probate Law and Practice, 793. Courts of equity, however, not infrequently review the accounts of administrators and guardians, on the ground of fraud or mistake, after the time for relief on motion or by appeal has passed: See the note to Estate of McLaughlin, 1 Cof. Pro. Dec. 263.