[S. F. No. 3956. Department Two.—January 18, 1907.]

## C. W. CHILDS et al., Appellants, v. M. A. de LAVEAGA, Executor, etc., Respondent.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — UNTENABLE ACTION BY CREDITORS AGAINST DISTRIBUTED ESTATE OF STOCKHOLDER.—Creditors of an insolvent banking corporation, who became such subsequent to the settlement of the final accounts of the executors of a deceased stockholder, who presented no claim against the estate, cannot, after distribution of the estate, which closed it so far as any claims against it were concerned, maintain any action against the executors to enforce the personal liability of the deceased stockholder.

ID.—PENDENCY OF APPEALS FROM DECREE.—The pendency of appeals from the decree of distribution which only involved the rights of the distributees as between themselves, cannot affect the right of the creditors of the corporation to maintain such action after the entry of the decree appealed from.

ID.—AFFIRMANCE OF JUDGMENT UPON MOTION — TERMINATION OF APPEALS FROM DECREE — DISCHARGE OF SURVIVING EXECUTOR. — A motion by the respondent to affirm the judgment should be granted upon the record showing that the action was commenced after the

original decree of distribution, as well as for the reasons appearing from a showing that the appeals therefrom had been finally determined, and the estate finally distributed, and the sole surviving executor, respondent, as well as the estates of the deceased executors, had been finally discharged from all liability, so that no administration is pending, and no relief asked for by the appellants could be made applicable or be enforced.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing to change the conclusions of law. M. H. Hyland, Judge.

Motion by Respondent to dismiss appeal or affirm judgment.

The facts are stated in the opinion of the court.

R. J. Welch, and Heney & Cobb, for Appellants.

Timothy J. Lyons, for Respondent.

McFARLAND. J.—Plaintiffs as assignees of certain depositors in and creditors of the Union Savings Bank of San Jose, a corporation (now insolvent), brought this present action against the executors of the will of Jose V. de Laveaga, deceased, to recover a money judgment for an amount alleged to be such proportion of the said bank's indebtedness to plaintiffs' assignors as one hundred shares of the capital stock of said bank, alleged to have been held by said De Laveaga, deceased, at the time of his death, bears to the whole capital stock of said bank. Judgment went in the court below for defendant, and from this judgment, and also from an order refusing to change the conclusions of law, etc., plaintiffs appeal. There has also been submitted by respondent a motion for an order of this court "dismissing the appeal of the appellants herein or affirming the judgment appealed from," which motion will hereinafter be considered.

The main facts of the case are these: The said Jose V. de Laveaga, deceased, died testate on August 14, 1894, leaving a considerable amount of property, which included one hundred shares of the capital stock of said Union Savings Bank. The executors named in the will immediately qualified and commenced the administration of the estate. On October 2, 1894, they caused notice to creditors to be published calling for

creditors against the estate to present their claims within ten months thereafter. The time for the presentation of claims expired August 2, 1895; and thereafter on August 26, 1895, the court in which the administration was pending made and entered judgment adjudging that due and legal notice to creditors of the said decedent had been given and made. Thereafter the executors presented their final account, and on February 3, 1896, the court made an order settling, allowing, and approving said account "as and for a final settlement in the matter of said estate and the administration thereof." No appeal was ever taken from this order. Afterwards, on the petition of Maria Josefa Cebrian and others claiming to be distributees of the estate, the court, on June 4, 1900, entered a final decree of distribution in said estate. By that decree the estate was distributed as follows: "The one quarter thereof to said Maria Josefa Cebrian, the one quarter thereof to said Maria Concepcion de Laveaga; the one quarter thereof to said Miguel A. de Laveaga; and the one quarter thereof to said Anselmo Jose Maria de Laveaga." In the decree it was adjudged that the account of the executors had been settled, and further: "That all the debts of said decedent and all claims against the estate of said decedent had been fully paid, satisfied and discharged before the filing of said petition for distribution of the said sisters of the said decedent, and all expenses and charges of administration up to the filing thereof had been fully paid, and all expenses and charges of administration up to the present time, and all taxes upon said estate have been fully paid, satisfied and discharged." No appeal from this decree has ever been taken by the appellants in the case at bar, or by any person asserting a claim against the estate. An appeal was taken by the three first-named distributees, Maria Josefa Cebrian, Maria Concepcion de Laveaga, and Miguel A. de Laveaga from that part of the decree which awarded one fourth of the estate to the said Anselmo Jose Maria de Laveaga; the said appellants claiming that the trial court erred in distributing any part of the estate to the said Anselmo, and that the whole estate should be distributed in three equal parts to the said three appellants. There was also an appeal by one Dolores A. de Rivera, who claimed that she was entitled to distribution in the estate, and that the court erred in not so deciding. The

original transcript in the case at bar shows that said two appeals were pending in the appellate court and had not been disposed of when the present action was tried.

At the time of the death of Jose V. de Laveaga the said bank was apparently not insolvent; indeed dividends were afterwards declared. And at the time of the death of said Jose plaintiffs and their assignors were not depositors in and creditors of said bank; they did not become such depositors and creditors for several years afterwards, to wit: "between December 29, 1897, and January 30, 1899." The bank became insolvent on January 30, 1899. The assignors of plaintiffs did not present any claim to the executors of the said estate within the time allowed therefor. They commenced the present action on January 2, 1901, which was after the said final decree of distribution above stated.

A number of questions are discussed by counsel, as, for instance, whether under any view plaintiffs herein could recover without having presented a claim within the ten months allowed for that purpose; whether at the time the plaintiffs' assignors became creditors of the bank the said estate was liable for a proportionate share of the indebtedness of the bank to plaintiffs, or whether the heirs and devisees of the said deceased Jose were then the owners of the stock and liable for such proportion. But these and other questions raised are not necessary to be determined, because, under our view, this action could not be brought and maintained after the said final decree of distribution. The estate was then closed so far as any claims against it are concerned. The appeals above noted merely attacked that part of the decree which determined who were the rightful distributees; and no matter how those appeals might be determined, the rights of the contesting distributees as to the proper distribution of the estate between them were the only matters involved. We think, therefore, that the judgment should be affirmed upon the original transcript.

As before stated, the respondent moved for an order dismissing the appeal or affirming the judgment upon grounds stated in the motion. It appears from the papers filed on said motion that afterwards on the appeal of said Dolores A. de Rivera the appeal was dismissed; that on the said appeal of said Maria Josefa Cebrian and others the appellate court

held that the court below erred in distributing one fourth of the estate to said Anselmo and reversed the judgment for that reason; and that after the remittitur went down the trial court made an amended decree of distribution by which the whole estate was distributed in three equal parts to the said three appellants. This decree was made and entered on the twenty-fifth day of March, 1904. It appeared further that the executors, Thomas Magee and Daniel Rogers, had both died, leaving M. A. de Laveaga as sole executor, and that on June 6, 1904, the court made an order releasing and discharging the said remaining executor, M. A. de Laveaga, and his sureties, and the estates of the deceased co-executors, Thomas Magee and Daniel Rogers, from all liability to be thereafter incurred, and decreeing that "the said estate is fully · distributed, and the trust of administration, and of said executors, is settled and closed." No appeal has ever been taken from this decree of final distribution or the said order discharging the executor. It appears, therefore, that there is no executor of said decedent nor any administration of the estate pending, and that no relief asked for by appellants could be made applicable or be enforced. We think, therefore, that the motion that the judgment be affirmed should, also, for the reasons set up in the motion, be granted.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.