[S. F. No. 3924.   Department Two.—February 1, 1907.]

UNION SAVINGS BANK OF SAN JOSE, Appellant, v. M. DE LAVEAGA et al., Executors of Will of José V. de Laveaga, Deceased, Respondents.

INSOLVENT CORPORATION—ACTION UPON SUBSCRIPTION BY DECEDENT—DISTRIBUTION—CLAIM NOT PRESENTED—DISCHARGE OF EXECUTORS—AFFIRMANCE OF JUDGMENT.—Where it appears that an action by an insolvent corporation upon a subscription to its stock by decedent was commenced after distribution of the estate and without any presentation of claim against it, and a judgment was rendered against it upon demurrer to the complaint, and that pending the

appeal therefrom the surviving executor and the estates of deceased executors were discharged after final settlement of all accounts, and there is no estate, nor any executor to represent it, and the further prosecution of the action can be of no avail to the appellant, the judgment will be affirmed on that ground.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

E. M. Rea, for Appellant.

Timothy J. Lyons, for Respondents.

LORIGAN, J.—This is an appeal from a judgment entered upon demurrer sustained to the complaint.

The complaint alleged, among other things, that the plaintiff was an insolvent banking corporation in liquidation, heavily indebted and unable on June 7, 1901, to pay its indebtedness, and that an assessment on the capital stock of said corporation was necessary for purposes of liquidation; that on April 1, 1891, J. V. de Laveaga, deceased, subscribed for one hundred shares of the capital stock of plaintiff corporation, of the par value of one hundred dollars each, and that a certificate for that number of shares was then issued to him; that said J. V. de Laveaga had in his lifetime paid but thirty dollars to plaintiff on his subscription to said capital stock, and was indebted for the balance of seventy dollars per share; that said J. V. de Laveaga died on August 14, 1894, leaving a last will which was duly admitted to probate, and the defendants were appointed and qualified as executors thereof; that said executors duly published notice to creditors, and that on February 1, 1896, the time for presenting claims against said estate had expired; that on June 7, 1901, the directors of plaintiff levied an assessment of fifty dollars per share on the capital stock of said corporation, such assessment to become delinquent July 12, 1901, and that the assessment levied on the stock for which J. V. de Laveaga, deceased, had subscribed was five thousand dollars, and was unpaid, and that the plaintiff had elected to recover the entire amount of the assessment by action.

A demurrer to the complaint was sustained by the court below on the ground, as is conceded by both parties, that no claim against the estate of De Laveaga, deceased, had been presented by the bank to the executors.

While respondents contend on this appeal that the ruling of the court in that respect was correct and that the judgment should be therefore affirmed, they have also presented a motion for an order of this court dismissing this appeal or affirming the judgment, upon the ground that appellant here is no longer a party or person interested in the estate of said José V. de Laveaga, deceased, or a claimant against said estate or the assets thereof or otherwise; that the administration of said estate has been finally and definitely settled and closed; and that there is no executor of said decedent, or any administration of said estate, to which any relief asked for by appellant could apply or be made applicable or be enforced.

As a basis for the motion it is shown that a final decree of distribution of said estate has been entered and the executors of the will of said deceased discharged and the estate closed.

A motion similar to this was made in the case of Childs et al. *v.* M. A. de Laveaga et al., executors of the said J. V. de Laveaga. Both the Childs case and the present Union Savings Bank case involved a claim of liability on the part of the estate of J. V. de Laveaga, arising out of ownership by deceased in his lifetime of this same one hundred shares of stock. In the Childs case the action was by certain depositors of said Union Savings Bank to recover on the proportionate liability of said J. V. de Laveaga, deceased, and there, as here, the suit was brought against his executors.

The motion was granted in the Childs case, and must be also granted in this case.

This action was not commenced until April 24, 1903. It appears from the documents filed in aid of the motion that prior to the commencement of this action, and on June 4, 1900, in the matter of said estate of J. V. de Laveaga, deceased, the superior court before which it was pending entered a decree of final distribution of the estate whereby all the estate was distributed to four distributees. The only appeal taken from the decree was by some of the distributees dissatisfied as to the portion of the estate awarded them.

This decree of distribution was reversed by this court, and subsequently, on March 24, 1904, the superior court entered an amended decree of final distribution. Originally there were three executors of the will of deceased, two of whom died pending administration, leaving M. A. de Laveaga as sole executor. On June 6, 1904, the superior court made an order discharging the surviving executor and the estates of his deceased co-executors, and decreed that the estate was fully distributed, and the trust of administration and of the executors settled and closed. No appeal was taken by any one from either the amended decree of final distribution or final discharge. The distribution of the estate and the discharge of the executors (the only persons sued in this action) is terminative of any right of action or right to a judgment by appellant in this case; there is no estate nor executors to represent it, and the further prosecution of the action cannot be of any avail or advantage to the appellant. (See the opinion in *Childs* v. *De Laveaga, ante,* p. 281, [89 Pac. 82].)

Upon the showing made of the futility of any further prosecution of this action by the appellant, we think the judgment should be affirmed, and it is so ordered.

McFarland, J., and Henshaw, J., concurred.