## LINDLEY et al. v. UNITED STATES.

### No. 6652.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1932.

Robert M. Searls, of San Francisco, Cal. (Humphrey, Searls, Doyle & MacMillan, of San Francisco, Cal., of counsel), for appellants.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

The facts involved in this action were stipulated and are in part as follows:

Curtis Holbrook Lindley, a resident of the city and county of San Francisco, state of California, died in said city and county on the 20th day of November, 1920, and left an estate consisting of real and personal property situated in the state of California and within the jurisdiction of this court. In pursuance of the petition of defendants, letters testamentary were issued to them upon said estate of Curtis Holbrook Lindley, deceased, and defendants duly qualified as executors of

said estate and thereafter at all times acted as such and continued so to act at the time of commencement of this action. After receiving their appointment and qualifying as executors of said estate, in pursuance with the provisions of an act of Congress (Revenue Act 1918, § 400 et seq. [40 Stat. 1096]), defendants as executors of the estate of said decedent on or about the 15th day of November, 1921, filed with the collector of internal revenue for the First district of California, a return for estate tax purposes in due form, which set forth that the amount of the estate taxes due from said estate was the sum of $2,051.32, and said amount was duly paid by defendants as said executors, to the collector of internal revenue of the First district of California on the 30th day of November, 1921.

Subsequent to the filing of the estate tax return as aforesaid, the Commissioner of Internal Revenue assessed additional taxes against said estate in the sum of $8.51, which said sum was duly paid by the defendants as executors on the 20th day of November, 1922.

Thereafter, the defendants as said executors on or about the 8th day of December, 1922, filed with the collector of internal revenue for the First district of California, a claim for refund of estate taxes in the amount of $1,813.94, which said claim was based on the ground that the entire gross estate returned was community property and that under the decision by the Circuit Court of Appeals for the Ninth Circuit, in the case of Wardell v. Blum, 276 F. 226, only one-half of such community property was subject to estate tax. Said claim was audited and reviewed under the direction of the Commissioner of Internal Revenue and was allowed by him in the amount of $1,669.87 and rejected in the amount of $144.07, and said amount so allowed resulted entirely from the reduction in tax attributable to reducing the estate by one-half of said alleged community property. Thereafter this said claim for refund was certified to the disbursing clerk of the Treasury Department for payment in the principal sum of $1,669.87, together with interest in the amount of $336.86, or a total of $2,006.73, which said total sum was duly paid to and received by the defendants as said executors on April 28, 1925.

Thereafter, pursuant to the decision of the Supreme Court of the United States in the case of United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285, holding in the opinion of the Attorney General that the community property interest of a surviving spouse of a decedent residing in California, in the property of said decedent, was subject to the federal estate tax under the Internal Revenue Act of 1918, above referred to, the Commissioner of Internal Revenue redetermined the estate tax upon the said estate of Curtis Holbrook Lindley, deceased, and determined that the sum of $2,006.73 previously refunded had been erroneously refunded and that additional tax was due and unpaid from said estate in the amount of $2,006.73, together with interest from the date of refund. Notice of said redetermination and demand for repayment was mailed to defendants on the 19th day of November, 1926, and received by them on the 20th day of November, 1926. The defendants have neglected, refused, and still refuse to pay the same.

Under the terms of the will of said decedent, Curtis Holbrook Lindley, an undivided one-half interest in his property was left to his widow, Elizabeth Mendenhall Lindley, an undivided one-sixth interest to his son, the defendant Curtis Lindley, Jr., and an undivided one-third interest to his daughter, the defendant Josephine Lindley Rood. Pursuant to a decree of statement of accounts and final distribution duly made and entered on the 1st day of December, 1921, by the superior court of the state of California in and for the city and county of San Francisco, said estate was immediately thereafter, and prior to the date of commencement of this action, distributed in accordance with the said provisions of said will.

Thereafter, on the 28th day of January, 1925, Elizabeth Mendenhall Lindley, the widow of said decedent, Curtis Holbrook Lindley, died intestate. Prior to her decease, said Elizabeth Mendenhall Lindley had created a trust in which had been placed all of the property received by her from her husband, Curtis Holbrook Lindley, upon distribution of his estate as aforesaid. Under the terms of said trust, the defendants Curtis Lindley, Jr., and Josephine Lindley Rood individually and in their own rights, respectively, received at the death of said Elizabeth Mendenhall Lindley, one-half each of said property. Said defendants Curtis Lindley, Jr., and Josephine Lindley Rood as the sole heirs and next of kin of the said Elizabeth Mendenhall Lindley, under the statutes of distribution and descent of the state of California, also received all other property both real and personal of the said Elizabeth Mendenhall Lindley by decree of the probate court entered February 23, 1926. In accordance with the

terms of the decrees of distribution of the estates of both said decedents, the amount of $2,006.73, paid as aforesaid by the disbursing clerk of the Treasury Department to the defendants Curtis Lindley, Jr., Josephine Lindley Rood, and D. A. Mendenhall as executors, was distributed to the defendants Curtis Lindley, Jr., and Josephine Lindley Rood, individually, in their respective interests on and prior to the 23d day of February, 1926.

On the 24th day of September, 1925, the defendants Curtis Lindley, Jr., and Josephine Lindley Rood caused to be paid to the United States collector of internal revenue at San Francisco, Cal., the sum of $624.58, representing the tax on said securities (which she had received as her half of the community property), and thereby depleted the amount which said defendants received from said estate of Elizabeth Mendenhall Lindley, deceased, by said sum of $624.58. Said tax was paid on said securities in the estate of Elizabeth Mendenhall Lindley, deceased, which had been previously taxed within five years, in the estate of her deceased husband, as aforesaid, because the tax on the said community interest of said widow in her husband's estate had been refunded on the 28th day of April, 1925, as hereinabove mentioned.

In support of the judgment we assume that the executors of the estate of Curtis Lindley acted upon the theory that the decree of distribution in the estate of Curtis Lindley, disposed of all property of the decedent subsequently discovered (see Heydenfeldt v. Osmont, 178 Cal. 768, 175 P. 1; 12 Cal. Jur. 196, § 939), and that the deed of trust from the widow likewise disposed of her half of the assets of Curtis Lindley, deceased, including the refund, and justified a distribution by them directly to the son and daughter, as the beneficiaries of the trust, which had terminated at her death (see section 1678 Cal. Code Civ. Proc., in effect in 1921 and to 1930). In short, that the defendant executors acted upon the theory that the decree of distribution in the estate of Curtis Lindley, deceased, required them to pay five-twelfths of the refund to the son and seven-twelfths to the daughter, and that nothing was paid by the executors of Curtis Lindley to the administrators of the estate of Elizabeth Lindley, as such.

This action was brought against the three executors of the estate of Curtis Lindley in their representative capacity and against two of them, that is, the two children, in their individual capacity, to recover the amount of the erroneous refund. That the government is entitled to recover money erroneously repaid by its officers under mistake of law similar to that involved here is well established and is not denied by the appellant. Talcott v. United States (C. C. A.) 23 F.(2d) 897; Kelley v. United States (C. C. A.) 30 F.(2d) 193; United States v. Pusey (C. C. A.) 47 F.(2d) 22.

The government contends that the executors of the estate of Curtis Lindley, having received the erroneous refund, are obligated to repay the same, notwithstanding the fact that, in pursuance of an order of the court previously entered, the money received by them in their representative capacity has been distributed by them to those entitled thereto under the decree of distribution in the estate of Curtis Lindley, deceased.

Whatever may be the rule in other jurisdictions wherein the relation of the parties to an estate is different from that in California, we think that under the California rule, where an estate is administered under the jurisdiction of the court and the executors derive their authority from their appointment by the court (11 Cal. Jur. 214, § 6), and where they are obligated by a decree of distribution to turn the property over to those to whom it is distributed by the decree of the court, and have no authority to retain any of that property after the decree, such a decree being enforceable against the executors by contempt proceedings if they neglect to distribute the property in accordance with the terms of the decree (12 Cal. Jur. 222, § 955), the authority of the executors over the funds of the estate thus distributed ceases upon distribution (12 Cal. Jur. 199, § 940), and that, having disposed of the property in accordance with the requirements of the law under which they act, they cannot be subsequently held in their representative capacities to repay moneys which they have collected for and on behalf of and paid to the distributees, although that collection may have been erroneously made. The money did not belong to the executors. They had no authority to withhold it from the legatees upon the theory that the government might subsequently seek to reclaim it. Their full duty was performed when they turned it over to the distributees. We conclude that, in so far as the judgment is against the executors of Curtis Lindley in their representative capacities, it is erroneous, and should be reversed.

It remains to consider whether the judgment against the appellants, the two children, as legatees and grantees of a legatee

under the will of Curtis Lindley, deceased, can be sustained. We see no reason to doubt that they are thus liable. The collection was made on their behalf by the executors who were in effect their representatives. The money was received for them and paid to them. The government has not appealed from the allowance of the set-off of $624.58. We conclude, therefore, that as to the refund which they received as legatees, and as grantees of a legatee, of Curtis Lindley the judgment against them as individuals is proper for their proportionate share; that is, seventwelfths thereof from the daughter and fivetwelfths thereof from the son.

The judgment against the appellants in their representative capacity is reversed. The judgment against the appellants as individuals is modified, so that there will be a several judgment against Josephine Lindley Rood for seven-twelfths ($835.52) and against Curtis Lindley, Jr., for five-twelfths ($596.80) of the amount of the balance of the refund ($1,432.32), both with interest at 6 per cent. per annum from September 24, 1925.