**NEUSTADTER et al. v. UNITED STATES.**
No. 8176.

Circuit Court of Appeals, Ninth Circuit.
May 3, 1937.

art, J. Louis Monarch, and Julian G. Gibbs, Sp. Assts. to Atty. Gen., for the United States.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Appellee brought this suit in equity against appellants, devisees and legatees of the estate of David Neustadter, deceased, to have the property of his estate, which had been distributed to them on or before September 1, 1926, charged with a trust in favor of the United States to the extent of a deficiency assessment for federal estate tax against his estate made September 27, 1929.

The executors filed a federal estate tax return on behalf of the estate December 31, 1923, deducting from the gross estate the community property interest of the surviving widow. The amount of tax due as disclosed by the return was thereupon paid and the amount of deficiency which the Commissioner, on November 10, 1925, notified the executors was due, was also paid. On February 25, 1924, the superior court of the State of California decreed a final distribution of the estate, and thereafter the property of the estate was distributed pursuant to the decree. The executors of the estate have never been discharged, as provided by the California Probate Code, § 1066. On January 4, 1926, the Supreme Court, in United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285, held that the community property interests of a surviving widow in California should be included in the taxable gross estate of a decedent husband and a tax paid thereon. Following that decision the Commissioner of Internal Revenue made an audit of the return of the executors and found that there was a deficiency in the estate tax of $12,012.-99.

Thereafter, on September 21, 1926, a deficiency notice was mailed by the Commissioner pursuant to section 318 of the Revenue Act of 1926 (44 Stat. 9, 81) to "Newton H. Neustadter, et al., Executors, Estate of David Neustadter." The executors, on November 2, 1926, petitioned the United States Board of Tax Appeals for a redetermination of the deficiency under section 308 of the Revenue Act of 1926, 44 Stat. 75. After hearing, the Board, on March 14, 1929, made an or-

Adolphus E. Graupner, of San Francisco, Cal., for appellants.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., and Robert H. Jackson, Asst. Atty. Gen., and Frederick W. Dew-

der determining a deficiency in the amount of $12,012.99.

Appellants' first contention · is ·.that there is no evidence to support the finding of the District Court that the tax had not been paid.

In its bill of complaint appellee alleged that "although notice and demand for the payment· of said tax was duly made by the Collector of Internal Revenue on October 18, 1929, no part of said tax or interest has been paid." In their answer appellants denied this allegation "but in lieu thereof" alleged that the collector of internal revenue "caused a form of notice and demand for payment to be made upon one of the asserted executors"; that on the service of the form of notice and demand "the representative of the Collector was informed that the estate of David Neustadter had been distributed long before and was without assets; and, also, that said Collector made no further attempt toward collection of said alleged deficiency * * *." This was an admission of nonpayment and no evidence or finding was required on that subject.

Appellants also contend that the statute of limitations has run against the Government. This contention is based in part on the assumption that as the trial court stated in its findings that notice of deficiency was given under section 316 of the Revenue Act of 1926, the applicable statute of limitations was that provided in sections 310, 311, and 316 (b) of the Revenue Act of 1926 (44 Stat. 77, 80). There is no merit in this contention. The notice was given pursuant to section 318, subd. (a), of the Revenue Act of 1926, supra, and so stated. The error in the findings was evidently a clerical mistake.

Section 318 of the Revenue Act of 1926, supra, provides that the limitations to be applied thereunder in the case of an estate tax imposed by the Revenue Act of 1921 (42 Stat. 227) shall be that prescribed in section 1109 of the Revenue Act of 1926 (44 Stat. 9, supra).

Section 1109 (a) (1) (3) of the Revenue Act of 1926, supra, provides:

"Sec. 1109. (a) Except as provided in sections 277, 278, 310, and 311—

"(1) Notwithstanding the provisions of section 3182 of the Revised Statutes or any other provision of law, all internal-revenue taxes shall (except as provided in paragraph (2) or (3) of this subdivision) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due. * * *

"(3) Where the assessment of any tax imposed by this Act or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this · Act), but only if begun (A) within six years after the assessment of the tax, or (B) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer."

Section 310 of the Revenue Act of . 1926 provides:

"(b) The running of the statute of limitations provided in this section or in section 311 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 308) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter."

"Sec. 308. (a) If the Commissioner determines· that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 60 days after such notice is mailed (not counting Sunday as· the sixtieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 312 or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the executor, nor until the expiration of such 60-day period, nor, if ·a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceed-

ing or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

▮ Decedent died February 13, 1923, and December 31, 1923 the estate tax return was filed. The tax should have been assessed within four years after the tax became due (section 1109 (a) (1), supra). The tax became due one year after decedent's death (section 406, Revenue Act 1921, 42 Stat. 280[1]). Hence, the tax should have been assessed by February 13, 1928 unless the time was extended by section 310 (b), supra.

After the mailing of the deficiency notice on September 21, 1926, the statute of limitations applicable to the making of the assessment (section 1109, Revenue Act 1926, supra) was suspended for the period during which the matter was pending before the Board of Tax Appeals (until March 14, 1929) until its order became final, September 14, 1929 (sections 308, subd. (a), 1005, Revenue Act 1926, supra) and for 60 days after this date (sections 1001 (a), 308 (a), 310 (b), Revenue Act 1926, supra). The assessment was made on September 27, 1929, which was within the 60 days. This suit was commenced October 3, 1933, and was within the six-year period of limitations fixed by section 1109 (a) (3) supra, which provides that where an assessment of the tax has been made within the statutory period of limitations applicable thereto the tax may be collected by a proceeding in court within six years after the assessment of the tax.

Appellants' principal contention, however, is that the executors, after the decree of distribution and after the distribution of the property in accordance therewith, no longer represented the estate; that the notice mailed them after said decree of distribution and after actual distribution in pursuance thereof was ineffectual because not served on persons liable for the tax; and, consequently, that there was no valid assessment under section 1109 (a) (1), supra. It is claimed

that without such assessment no proceeding in court could be begun after the expiration of five years after the taxes became due (section 1109 (a) (1), supra); that the tax on the estate of David Neustadter became due February 13, 1924 (section 406, Revenue Act 1921, 42 Stat. 227, 280[1]), and, consequently, the five years within which to bring suit expired February 13, 1929, four years before this suit was brought.

If the executors still represented the estate at the time of the notice, the notice was properly sent them under section 318 (a), supra, because they were charged with the duty to pay the tax (Revenue Act 1921, § 406, 42 Stat. 281) even though they were released from personal liability as fiduciaries under section 3467 of the Revised Statutes (31 U.S.C.A. § 192) because of their compliance with section 407 of the Revenue Act of 1921 (42 Stat. 227, 281) which provides that if the executor mails a complete return and makes written application for an immediate determination of the amount of the tax, payment of the tax as claimed to be due by the Commissioner shall discharge the executor from personal liability for any additional tax thereafter found to be due.[2] See Rodenbough v. United States (C.C.A.) 25 F.(2d) 13, 57 A.L.R. 1091, affirming (D.C.) 21 F.(2d) 781.

▮ There remains to be considered the question whether the executors continued to represent the estate for the purpose of the assessment and payment of the federal estate tax after distribution of the property in pursuance of a final decree of distribution. This is to be determined by the law of the state. Hulburd v. Commissioner, 296 U.S. 300, 311, 56 S.Ct. 197, 202, 80 L.Ed. 242, note 6.

In California Jurisprudence, a valuable textbook dealing with the law of California, it is said: "Until the entry of a decree discharging a representative the trust still continues in contemplation of law and the representative remains clothed with the duty and authority of the office."

---

[1] "Sec. 406. That the tax shall be due and payable one year after the decedent's death; but in any case where the Commissioner finds that payment of the tax within such period would impose undue hardship upon the estate, he may grant an extension or extensions of time for payment not to exceed three years from the due date."

[2] "July 30, 1924, the executors wrote the Commissioner requesting early final determination of the estate tax. November 10, 1925, an amended notice of deficiency of $692.23 in estate tax was mailed to the executors and March 13, 1926, an assessment of $692.23 deficiency in estate tax was made. March 15, 1926, the deficiency of $692.23 was paid.

12 Cal.Jur. 231, § 965; see, also, 11-B Cal. Jur. 835, § 1321.

This statement is in accord with the California decisions. McCrea v. Haraszthy, 51 Cal. 146, 151; Dohs v. Dohs, 60 Cal. 255; In re Clary's Estate, 112 Cal. 292, 44 P. 569; In re Estate of Kennedy, 129 Cal. 384, 62 P. 64; McCloud v. Hewlett, 135 Cal. 361, 67 P. 333; Union Savings Bank of San Jose v. De Laveaga, 150 Cal. 395, 89 P. 84.

■ A formal discharge is authorized and required by the California law. Cal.Probate Code, § 1066. In determining the effect of the decree of distribution under the California law, it should be observed that title of the devisees and legatees to the estate does not rest upon the decree of distribution, but vests at the time of death. Western Pacific R. Co. v. Godfrey, 166 Cal. 346, 349, 136 P. 284, Ann. Cas.1915B, 825. The decree of distribution in theory at least established the rights of the distributees as they existed at the time of death. The decree does not purport to terminate the powers of the executors.

It is not necessary to consider the numerous decisions of the California courts bearing upon the rights, powers, and duties of executors in the interim between the decree settling their final accounts distributing the estate, and the date of their discharge. The question here is whether in that interim the executors who are charged with the duty of paying the estate tax (section 406, Revenue Act 1921, supra) are the proper persons to receive notice of an impending deficiency tax imposed by the laws of the United States. They did receive such notice in the case at bar and acted upon it by taking an appeal to the Board of Tax Appeals.

■ The Revenue Act of 1921 expressly provides that the property of the estate is subject to a lien for the payment of the tax. Section 409, Revenue Act 1921, 42 Stat. 283.[3] This lien continues for ten years from the date of death. Rosenberg v. McLaughlin (C.C.A. 9) 66 F.(2d) 271; Page v. Skinner (C.C.A.) 298 F. 731. At the time the executors were notified of the intention to assess the deficiency, this lien was still extant and they were charged with the duty of paying the tax, both by the revenue laws of the United States (Revenue Act 1921, § 406, supra), and by the law of the state. 11-B Cal.Jur. p. 254, § 846.

■ It seems clear that the executors in California, notwithstanding the settlement of the final account and the entry of the decree of distribution, are still liable for the tax in their representative capacity and within the meaning of section 1109 of the Revenue Act, supra, which requires the notice to be mailed to the persons liable for the tax. The appellant relies upon our decision in Lindley v. U. S. (C. C.A.) 59 F.(2d) 336. In that case the administrator was sued for money which he had received and which had been disbursed in accordance with the decree of court. We held that the administrator was not liable as such in the action for money had and received. The money merely passed through his hands while acting in his representative capacity. The situation in that case is in no wise analogous to that involved here where the question is as to whether or not the executors are liable in their official capacity for an obligation imposed upon them by statute.

■ Appellants contend that the ten-year lien on the estate of David Neustadter created by section 409 of the Revenue Act of 1921[3] had expired before this suit was brought, and therefore, that this action was barred. They further contend that appellee has not shown that it is entitled to equitable relief.

The suit in the case at bar was not brought by appellee to enforce the lien created by section 409 of the Revenue Act of 1921, supra, which had expired when this suit was commenced.[4] This suit, commenced within the limitations provided by section 1109, Revenue Act of 1926, supra, to collect a valid and unpaid tax, was properly brought in equity against the appellants to have the property distributed to them and retained by them, charged with a trust in favor of appellee. Phillips v. Commissioner, 283 U.S. 589, 51 S.

___

[3] Section 409, Revenue Act 1921: "That unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent."

[4] Appellee contends that section 409, supra, creates a lien for a period of ten years from the date of the filing of the return, filed in the case at bar December 31, 1923.

Ct. 608, 75 L.Ed. 1289; Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L. Ed. 1350;[5] Rosenberg v. McLaughlin (C. C.A.) 66 F.(2d) 271, supra.

What we have already said disposes of appellants' contention that the decree in the case at bar violates due process of law. This contention is based on the claim that the executors after the decree of distribution no longer represented the estate.

Decree affirmed.

---

[5] Compare section 280, Rev.Act of 1926, 44 Stat. 61, cited by Leighton v. United States, supra, dealing with corporation income taxes with section 316, Revenue Act of 1926, 44 Stat. 80, dealing with estate taxes.